## Webb *vs* Read *et al.*

ERROR TO THE LOUISVILLE CHANCERY COURT.

*Lis pendens. Attachment. Injunction.*

*Case 39.*

JUDGE EWING delivered the opinion of the Court.

*October 6.*

ORAN WEBB filed his bill against D. D. McClure and others, as owners of the Steamboat New Ark, all of whom are charged to be *non-residents* of the State, and against Read and Son, for the purpose of recovering from the owners of the boat $175, which is charged to be due him from them, for advances made to pay expenses on her passage from New Orleans to Louisville, and subjecting a fund belonging to the owners, in the hands of Read & Son, residents of Louisville, to its payment.

*The case stated, and decree of the Chancellor.*

The bill was not sworn to, nor any order asked or made by the Chancellor, injoining Read & Son from paying over the funds in their hands, or attaching the same. But the counsel of the complainant made an indorsement on the subpœna, apprising Read & Son of the object of the bill, and requiring them to retain in their hands a specified amount, sufficient to cover the complainant's demand. Read & Son answered the bill admitting that there were funds in their hands at the time of the service of the *subpœna* with the indorsement, but that they had since paid them over to the order of the owners. The Chancellor, upon the hearing, dismissed the bill, and the complainant has appealed to this Court.

*A bill seeking to subject a fund in the hands of a resident to the payment of a demand against a non-resident debtor, need not be sworn to unless an injunction or attachment be asked for. But if the object of the bill be endorsed on the subpœna, the defendant will be responsible for any fund then in his hands, to satisfy complainant's demand, in case he establish his right against the non-resident.*

The first section of the act of 1837, provides for proceeding against two classes of defendants, first, against *non-residents* of the State; secondly, against residents who had *left the State* to avoid the service of legal process, or had *"been without the State"* for a term of the Court, by which the service of ordinary process was rendered impracticable. To give jurisdiction to the Court in the latter class of cases, an allegation must be made and supported by affidavit, that the absent defendant had *left the State* to avoid the service of legal process, or had

*A bill under the first sec. of the statute of 1837, against residents who leave the state to evade the service of process, or who are without the state during one term of the Court, these statements*

WEBB
*vs*
READ *et al.*

must be verified
by affidavit, to
give jurisdiction,
if any injunction
or attachment be
asked for.

"*been without the State*" for the term prescribed by the statute. But the other allegations of the bill are not required to be sworn to, neither in this class of cases nor in the first class, unless an order for an injunction or an attachment is asked, in which case in both, the *allegations* of the *bill* are required to be supported by affidavit. The object of this verification of the allegations of the bill, is to authorize the Chancellor to direct an *injunction* or *seizure* of the effects, the better to secure their subjection to the payment of the complainant's demand, but when no such order or seizure is asked, the bill need not be verified by oath.

The provision of
the statute of
1837, making a
defendant liable
in whose hands
there may be ef-
fects of another,
on bill filed and
notice by service
of process, and
an indorsement
on the subpœna of
the object of the
bill, introduces
no new principle
in equity, it was
the law in equity
before: see *Scott*
vs *McMillan,* 1
*Lit.* 302.

The second section provides two modes of proceeding, both of which are made effectual: First, by an indorsement on the *subpœna* of the nature and intention of the suit, and the service thereof, with such indorsement, on the resident defendant. Secondly, by obtaining an order from the Chancellor for an injunction, or the seizure of the effects in the resident's hands, and both these modes are applicable to both classes of cases provided for in the first section, and are both equally effectual, if the resident who owes or has effects in his hands at the time of the service, and is good and responsible for the amount. For from the time of the service of the *subpœna* upon him, the proceeding is *pendente lite* as to him, and as to the *effects in his hands*, and he cannot, by disposing of the same, or paying away the funds to any one, evade the decree, or escape from his personal responsibility to the same. Nor does this provision of the statute introduce any new rule as to the responsibility of the resident, or the liability of the effects in his hands, for before the statute, and without the indorsement required, the resident defendant could not pay away the funds or dispose of the effects in his hands, after the service of *subpœna* upon him, so as to evade the decree or escape from it, as was, in effect, determined by this Court in the case of *Scott* vs *McMillan*, 1 *Littell's Rep.* 302. The statute provides an additional security to him by authorizing the indorsement to be made, by which he is more effectually warned of the nature of the proceeding, and the amount which he is required to retain in his hands. Before, he was

required to look to the allegations of the bill, as the means of being informed of the amount sought to be recovered, and to which the funds or effects in his hands were sought to be subjected.

Decree reversed, and cause remanded, that a decree may be rendered against Reed and Son for the amount of the complainant's demand and costs. And the appellant is entitled to his costs in this Court.

*Duncan* for plaintiff: *Fry & Pope* for defendants.