*Harlan & Craddock* for plaintiff.

## Blackburn *vs* Davidson.

ERROR TO THE FRANKLIN CIRCUIT.

*Equitable interest and choses in action.*

CHIEF JUSTICE EWING delivered the opinion of the Court.

CHANCERY.

*Case* 27.

*October* 6.

*Case stated.*

UPON a judgment and return of no property, against Thos. P. Hart, Davidson filed his bill on the 17th of March, 1842, charging that numerous persons were indebted to said Hart, by note, account or *otherwise*, and among others, the plaintiff in error, Blackburn, and praying that they should answer and show how much they respectively and severally owed to the said Hart, by note, account, or *in any other manner*, and enjoining them from paying to the said Hart, the *money* they severally owed him, and the said Hart from receiving the *money* owing to him by the said persons, or assigning away any *demand* held by him against them, until, &c. An injunction issued according to the prayer of the bill, and was served on Blackburn on the 9th March, 1842, who answered at the next May term, that he was not indebted to the said Hart *one cent in money*, but stated that in the latter part of February, 1842, he purchased of the said Hart nine milch cows, for which he agreed to pay said Hart $150, to be paid in milk only, at not less than eight gallons per day, and as much more as the said Hart wanted, at ten cents per gallon, until the whole of the price was paid; and he relies on his contract, and does not believe that he can be com-

BLACKBURN
*vs*
DAVIDSON.

pelled to pay in a different manner from his contract. Upon the filing of this answer, no other step was taken by the complainant, except to renew the suit against Hart's heirs, until the April term, 1845, when the Chancellor having disposed of the case as to the other defendants, appointed a Commissioner to ascertain if he could find a purchaser of the milk, to be delivered at the rate of eight gallons per day, at the late residence of said Hart. And the Commissioner reporting immediately that he had found a purchaser, the Chancellor made an order upon Blackburn to deliver the milk or pay the money, allowing him till the next term to make his election. At the next term Blackburn failing to attend, or to make any election, a decree was rendered against him for the money, from which he has appealed to this Court.

The debtor of a debtor against whom a bill is filed by a creditor to have the benefit of a demand or chose in action against him, cannot be required to violate his contract, and if property is to be delivered, unless a receiver be appointed by the Chancellor, he may still go on to pay, if the consequence of his failing so to do might subject him to pay money instead of property. If he has failed to pay property according to his contract, and rendered himself liable for the value thereof, he may be directed to pay such value to the compt.

The presumption is, that the delivery of the milk commenced with the purchase of the milch cows, which was in February, before the bill was filed, as that was the time of the contract, and there being no other day stated for the commencement of the delivery, it must be presumed that the day of the contract was the day. Blackburn looking to the means which he then and would possess for the ensuing period of time sufficient to enable him to pay the milk, might well make the contract. But to require him to deliver the milk at any other subsequent period, would be to impose an obligation on him variant from the terms of his contract, and with which he might be wholly unable to comply, and necessarily expose him to the payment of money, which he never undertook to pay. Had he kept the milk on hand, as he might do in relation to money or many other articles of property, which he might be injoined from paying, it would have spoiled, and been of no value to either creditor or debtor. What then could he do but to continue delivering the milk until a receiver should be appointed, on the motion of Davidson, the creditor, and a rule served on Blackburn to deliver the milk to him, that he might make sale of it as it was delivered, the proceeds to be applied, on the hearing of the cause, as the Court might direct. Such an order would have enabled Blackburn to

comply with the terms of his contract, and have afforded to the creditor the fruits of the same. It never could have been contemplated by the statute authorizing choses in action to be injoined, that a debtor of the debtor should be forced to make a breach of his contract, by retaining in his hands property owing, when such retainer would render the thing retained valueless to creditor and debtor, nor to enable the Court to impose new terms of contract upon the debtor, with which he might be wholly unable to comply, and thereby be compelled to pay the money.

But the more especially in this case should the receiver have been appointed at the instance of Davidson, upon the coming in of Blackburn's answer. He was not injoined from paying the *milk*, but only from paying *money* to Hart. He promptly answered that he owed no *money*, and set forth the nature of his contract. Upon the coming in of his answer, if Davidson desired to have the proceeds of the milk, he should have procured some person to be appointed to receive it as intimated. His failing to do so, or to injoin its payment to Hart, left Blackburn no alternative but to pay the milk to Hart, to retain it on hand or to be guilty of a breach of his contract, and expose himself to a liability to pay cash instead of milk, which he could not be bound to do.

But as his contract was a continuing one, and the greater part of the milk was to be paid after the answer was filed, and the milk may not have been paid, and if not paid he became liable to Hart for the money, and his liability to Hart might be subjected to the payment of the complainant's demand, upon the hearing, or he might be made to pay to the complainant the amount receivable by Hart in consequence of its breach, a Commissioner should be appointed upon the return of the cause, to inquire into and ascertain the fact whether payment in milk has or has not been made, and if not made, the value thereof, or the value of so much thereof as shall not have been paid, should be decreed to the complainant. But if the milk has been paid to Hart, then the bill as to Blackburn, should be dismissed.

The decree is reversed, and cause remanded, that an

inquiry may be directed as to the payment, and further proceedings had as indicated in this opinion.

Morehead & Reed for plaintiff; Harlan & Craddock and L. Hord for defendant.