## Farmer, &c. *vs* Bascom.

ERROR TO THE WASHINGTON CIRCUIT.

*Attachment in chancery.   Jurisdiction.*

JUDGE SIMPSON delivered the opinion of the Court.

CHANCERY.

*Case* 7.

*December* 13.

THIS bill in chancery was exhibited under the act of 1838, (3 *Stat. Law,* 116.) The demand asserted is purely legal. The complainant alleged an intention on the part of the defendants, to remove their property out of the Commonwealth, whereby he would be defrauded and hindered in the collection of his debt. The complainant having complied with the requisitions of the statute, an attachment issued against the estate of the defendants, and was returned by the officer, "no property found." Upon hearing, the Court rendered a decree in *personam*, against the defendants.

Has a Court of chancery jurisdiction to render such a decree, or is its jurisdiction in such a case, merely *in rem?*

The act under which the attachment issued, empowers the Court to attach the property and arrest its removal, and to make all necessary orders for its safety and forthcoming, and on the establishment of the intent to remove it, the Court is authorized to sell or dispose of it, and cause it to be applied to the payment of the debt.

Where the demand is purely legal, the fraudulent intention on the part of the debtor to remove his property out of the Commonwealth, alone gives jurisdiction to a Court of equity, and the jurisdiction which it acquires, is prescribed by the statute, and limited in its operation to the property of the debtor. The Court, therefore, has jurisdiction only *in rem*, and has no power to decree *in personam*.

The demand upon which the suit was instituted in this case, was an unliquidated physician's account. It had been assigned to the complainant. Not being as-

Case stated.

When a demand is purely legal, and an attachment is issued by the order of the Chancellor to seize property, the intent to remove the property (if that is made the ground of the attachment) must be established—it is that which gives jurisdiction to the Chancellor, when it is ascertained, he should decree its sale and the payment of the debt. It is a proceeding *in rem*, and no decree *in personam* can be given.

An assignee of
an account is not
authorized to sue
in chancery.

signable at law, and the complainant not having acquired the legal title by the assignment, but only an equitable interest in it, it may be contended, that he had on this ground, a right to come into a Court of chancery.

The nature of the demand against the debtor was not changed by the assignment. The assignee had a right to sue in a Court of law in the name of the assignor. A resort, therefore, to a Court of chancery, was not necessary to enable him to collect the debt. If the mere assignment of a *chose in action,* had the effect of transferring the jurisdiction from a Court of law to a Court of chancery, it would produce a considerable change in the jurisdiction of the two Courts. The appropriate remedy is in a Court of law. The assignment itself produces no necessity for a change of jurisdiction. The assignor being a trustee in equity for the assignee, a breach of trust on his part, might authorize an application by the assignee, to the Chancellor for relief. But unless misconduct on the part of the assignor is charged, or some other matter sufficient to impart jurisdiction, a Court of equity has not jurisdiction of a legal demand, in a suit by the assignee, merely upon the ground that by the assignment, he had not obtained the legal title, but only an equitable interest in it.

It seems to us, also, that an intention by the defendants, fraudulently to remove their property, or to remove it with the effect of hindering or preventing creditors from collecting their debts, was not established by the testimony in the cause.

Wherefore, the decree is reversed and cause remanded, with directions to dismiss the complainant's bill, with costs.

*N. Wickliffe* for plaintiff.