CHIEF JUSTICE SIMPSON
delivered the opinion of the court :
This action was brought against a non-resident. The defendant was constructively summoned, but did not appear. In such a case, the statements of the petition, except such as are for the benefit of the defendant, are not to be taken as true, but are to be established by proof. (Civil Code, sec. 439.)
Is it incumbent on the plaintiff, under this requisition of the Code, to prove the execution of a promissory note, which he holds upon the defendant, and which is the foundation of the *651 claim asserted in the petition, or is the note itself prima facie evidence of indebtedness on the part of the defendant?
It was decided by this court in the case of Garland vs. Denny & Colston, (3 B. Mon., 125,) that the general traverse, which was required by the statute to be entered for the defendant, where he was proceeded against as a non-resident, did not render it necessary for the plaintiff to prove either the non-residency of the defendant or the execution of the note sued on. The affidavit which had to be made to obtain the warning order was regarded as prima facie evidence of the former, and the note itself, unless its execution were denied under oath, was deemed to be sufficient evidence that the defendant owed the amount of it to the plaintiff.
We find no indications in the Code of an intention to require the plaintiff to make a greater amount of proof than was necessary under the general traverse. The practice under the latter was well established, and if any change had been contemplated, it would, it may be presumed, have been effected by some clear and unequivocal provision, expressly introduced for that purpose. The note, therefore, exhibited with the petition, and made part thereof, must be regarded as prima facie evidence against the defendant.
In this case, the plaintiffs’ intestate was not the payee of the note; he was merely the holder of it by delivery without any written transfer. It is therefore insisted that it was incumbent on the plaintiffs to prove the statements in the petition, showing the manner in which their intestate became entitled to the note. We think the possession of the note furnished prima facie evidence of ownership; and as the plaintiffs produced it, and made it part of their petition, no other evidence of title was necessary. But as the plaintiffs only had an equitable right to the note, the legal title thereto not having been transferred to their intestate, the personal representative of the payee should have been made a party to the action.
It appeared by the statements contained in the petition that he was a necessary party. The failure to make him a party was therefore a cause of demurrer. But where an objection for the want of parties is not made by demurrer, it shall be *652 deemed to have been waived. (Civil Code, see. 123.) This provision is general, and seems to apply to all actions, whether the defendant has been actually or only constructively summoned.
The judgment, however, was rendered before such a bond was executed, as is required by section 440 of the Code. The plaintiffs were not, it is true, authorized to receive the money until they gave bond in the clerk’s office of the court as required by law. Such a condition was wholly unauthorized. The bond must be taken and approved of by the court. According to the terms of, the judgment, the plaintiffs had a right to collect the money whenever they executed a bond in the clerk’s office of the court. The clerk was made the judge of the sufficiency of the security, and the conformity of the bond to the requisitions of the law. The statement appended to the judgment that the court retained power over it, was merely nugatory. No control over the money was retained; but the plaintiffs had a right to collect it whenever they executed a bond in the clerk’s office as required by the judgment. The case, therefore, is not embraced by section 442 of the Code.
For this error the judgment must be reversed; but as the prosecution of this appeal amounts to an appearance to the action, no bond will be necessary on the return of the cause to the court below. The defendant, however, will have a right to make a defense by either answer or demurrer.
Wherefore, the judgment is reversed, and cause remanded for further proceedings not inconsistent with this opinion.