CASE 18————————DECEMBER 26.

# Pool vs. Webster & Co.

APPEAL FROM MASON CIRCUIT COURT.

Proceedings by attachment are summary and extraordinary, and to be good must conform to all the requirements of the law. See the opinion for a reference to cases as to the strictness required in regard to the affidavit upon which a general attachment is founded.

Where an affidavit to obtain a general attachment is made by the agent of the plaintiff, it must state that the plaintiff in the action is then absent from the county in which the suit was brought. The omission of such statement is fatal to the attachment.

Where the affidavit, upon which a general attachment is founded, is defective, it cannot be cured by an amendment after the issual of the attachment so as to render it valid. *Section* 161 *of the Civil Code,* which relates to amendments in the pleadings, &c., does not help the case.

HORD, STANTON & THROOP, for appellant, cited 17 *B. Mon.*, 542; 15 *Ib.*, 630; 14 *Ib.*, 520; 1 *Marsh* 354; *Civil code, sec.* 611; 4 *Seldon,* 158; 6 *Wheaton,* 119; 6 *Peters,* 691, 709; 12 *Ib.*, 657, 718; 2 *Howard S. C.*, 319, 338; *Drake on Attachments, sec.* 85.

WADSWORTH and CAMPBELL, for appellees.

CHIEF JUSTICE STITES DELIVERED THE OPINION OF THE COURT:

On the 15th May, 1857, Webster & Co. sued Pool upon a merchants account, and, upon the affidavit of their agent, Crawford, obtained a general attachment against the effects of the defendant. The summons and attachment were both executed on the day the suit was brought.

At the July term, next ensuing, the defendant filed his answer, and, at the same term, made a motion to vacate the attachment, because of the insufficiency of the affidavit. Pending this motion the plaintiffs, notwithstanding the objections of the defendant, filed an amended affidavit, to the filing of which an exception was taken. The law and facts, upon the motion to vacate, as well as upon the merits of the action, were submitted to the court; and the motion was overruled, a judgment rendered for the debt, and the attached effects ap-

Pool vs. Webster & Co.

plied to its satisfaction; to all of which the defendant except-and now complains by appeal.

The first point raised, relates to the validity of the attach-ment.

The objection is, that the affidavit of Crawford, the agent, upon which the attachment was founded, failed to state that the plaintiffs in the action were then absent from the county in which the suit was brought. It is contended that such omission was fatal to the attachment; and that the amendment filed, after the motion to discharge had been made, did not and could not remedy the defect.

In view of the provisions of the Civil Code concerning attachments, and the previous adjudications of this court, it seems impossible to escape the conclusion contended for.

By *section* 222, it is provided that "an order of attachment shall be made by the clerk of the court in which the action is brought, in any case mentioned in the first subdivision of *section* 221, *when* there is filed in his office an affidavit of the plaintiff, showing, (1.) The nature of the plaintiff's claim. (2.) That it is just. (3.) The amount which the affiant believes the plaintiff ought to recover; and (4.) The existence in the action of some one of the grounds for an attachment enumerated in that sub-division; and in the case mentioned in the second sub-division of *section* 221, where it is shown, by *such* affidavit, or by the return of the sheriff upon the order for the delivery of the property claimed, that the facts mentioned in that sub-division exist."

It will be observed from the language of this section, that the affidavit of the *plaintiff* is an indispensable prerequisite to a general attachment, except where the facts, necessary to be sworn to, appear from the sheriff's return as therein provided. It is only upon the filing of such affidavit that the clerk has any authority, in the cases mentioned, to issue an attachment at all; and we suppose, in the absence of any other provision of the Code authorizing the substitution of the affidavit of an agent or attorney in certain contingencies, it would be hardly contended that any other affidavit than the plaintiff's would authorize an attachment. Proceedings by attachment, as has

been frequently said by this court, are summary and extraordinary, and to be good, must conform to all the requirements of the law.   (3 *B. Mon.*, 119; 7 *B. Mon.*, 102; 9 *B. Mon.*, 23; 17 *Ib.* 542.)

Let us now look at *section* 611, of the Code, which permits the affidavit of an agent or attorney to be used instead of the plaintiff's, and test the affidavit in question by its provisions.

After prescribing before what officers in this State an affidavit may be made, it goes on to say, "wherever, by the provisions of this Code, the affidavit of the plaintiff or defendant is required to verify a pleading, to obtain a warning order, a *provisional remedy*, or any other order in an action, or on a motion or proceeding therein, it may, unless otherwise expressed, be made by the agent or attorney of the party, *if he is absent from the county, in which case the affidavit shall state his absence*, and that the affiant is his attorney or agent."

Crawford's affidavit, as we have seen, fails to state the absence of appellees when the attachment was obtained.   The amendments, however, prove such absence, and, also, that the omission to state it in the first affidavit was the result of accident by the attorney who prepared the case.

The necessity of showing the absence of the plaintiff, in order to render the affidavit effectual to support the attachment, does not seem to be denied.   It is, in fact, conceded by the attempt to amend by the subsequent affidavits.   But the question is, can a defective affidavit be thus cured so as to render valid an attachment founded thereon ?   We think not.

In *Taylor vs. Smith*, (17 *B. Mon.*, 542,) it was held that the failure to state in an affidavit, filed to obtain an attachment under the section *supra*, that the demand "was just," was fatal to the attachment.   In that case, the action was founded upon a note, the justness of which was not called in question by the pleadings, and notwithstanding it was thus admitted, the attachment was vacated for the defect mentioned; because, as was then said, the statement that the "demand is just" is expressly required by the Code, and could not, therefore, be dispensed with by the court.   In that case, too, the question was indirectly raised, as to the right to amend the affidavit, after the issual of the attachment, and such right was denied.

In *Samuel vs. Dallam*, (*MS. opinion, January*, 1857,) it was decided, that an affidavit which stated that the plaintiff *will* recover the claim, but failed to state that it was just and *ought* to be recovered, was insufficient and would not uphold an attachment. And in the same case it was held that the admission by the defendant, in his answer, that the claim was just, did not cure the defect where the affidavit was the foundation of a judgment against garnishees.

These cases show the extent to which this court has gone, in requiring the provisions of the section *supra* to be strictly complied with, and they are in harmony with cases arising under the attachment laws in force prior to the adoption of the Civil Code. All resting upon the ground that the remedy by attachment is summary and harsh, only authorized by statute, and that a party seeking to avail himself of it must comply with the requirements of the law creating it.

So in this case. The law indicates plainly how an attachment may be had by a party present in the county; and, with equal precision, points out the steps necessary, when such party is absent. An indispensable prerequisite, if he is present, is his own affidavit. If he is absent, the affidavit of his agent or attorney, to the same effect, is required; and moreover, such affidavit "shall state his absence, &c." The clerk, upon whom is imposed the duty of issuing the attachment, has no right to issue the same without the necessary affidavit, either of the plaintiff or his agent; and, as that of the agent will only avail in the absence of the plaintiff, such absence must be stated in the manner required by the law. Otherwise the clerk cannot know that the plaintiff is absent, and without such knowledge, thus communicated, he has no right to issue the attachment upon the agent's affidavit. We might, with as much propriety, undertake to dispense with the affidavit itself, as with any statement therein rendered essential by the law.

The cases of *Burgess vs. Jacobs*, (14 *B. Mon.*, 520,) and *Harris vs. Ray*, (15 *B. Mon.*, 630,) in no wise militate against this view. On the contrary, they strongly favor it. In both cases the objection was to a sufficient verification of the pleading; and in neither was it held that such verification could be dis-

pensed with, if the objection was taken in time. Here, however, the objection is not to the pleading nor its verification, but for the want of a sufficient affidavit, without which the order of attachment could not be issued, and the objection is taken in time.

Nor does *section* 161 help the case. It relates altogether to amendments in the pleadings, and the character and form of the proceedings, and not to defects such as we are now considering, and which not only affect the substantial rights of the appellant, but render void the order of attachment complained of.

For the reasons stated, we are of opinion that the circuit court ought to have sustained the motion to vacate the attachment, and erred in overruling the same.

As to the judgment for the debt, that is approved of and *affirmed*. But for the error mentioned, the orders sustaining the attachment, and subjecting the attached goods to the payment of the judgment are *reversed*, and cause remanded, with directions to set aside the same, and vacate the order of attachment.