CHIEE JUSTICE DUVALL
delivebkd the opinion op the cohkt:
Brown attached property, alleged to belong to the appellant, Allen, and, from the judgment sustaining that attachment, Allen has appealed.
The judgment must be reversed for the following reasons:
1. There was no'warning order against Allen, who was alleged to be a non-resident, and who was not summoned and did not appear. {Code, sec. 88.)
2. No attorney was appointed to defend for him. (Sec. 440, 14 B. Mon., 272.)
3. No bond was executed, as required by section 440, (14 B. Mon., 272; 1 Met., 649.)
4. The affidavit failed to state that the claim is just. (Sec. 222; 17 B. Mon., 542; 3 Met., 281.)
The appeal being an appearance to the action, it will not be necessary, on the return of the cause, to have a warning order made, a bond executed, or an attorney appointed, but the appellant will have a right to make defense by answer or demurrer. (1 Met., 649.)
It remains to be determined whether, on the return of the cause, thé attachment should be vacated for the defect in the affidavit, or whether the appellee should have leave to amend the affidavit, by stating that the claim is just.
An act approved March 15, 1862, declares, “that in any proceeding by attachment now pending, or hereafter commenced, the affidavit or ground of attachment may be amended so as to embrace any grounds of attachment that may exist up to and until the final judgment upon the same. If the amendments embrace only grounds existing at the commencement of said proceeding, the lien created by the suing out or levying the original attachment shall be held good; but if the amendments embrace new grounds, not existing at the time of the suing out of the original attachment, the lien shall exist upon the property levied on from the filing of the same.” (Sess. Acts, 92.)
*344 This act relates only to the “grounds of attachment,” and authorizes the plaintiff to amend merely for the purpose of stating grounds \yhieh existed when the attachment was obtained, but not set forth in the original affidavit, or new grounds arising subsequently. It does not authorize an amendment with reference to the nature, justness, or amount of the plaintiffs claim. Whether or not the affidavit can be amended in these respects depends upon the construction to be given to certain provisions of the Civil Code.
By section 161 it is provided that, “the court may, at any time, in furtherance of justice, and on such terms as may be proper, amend any pleading or proceeding, by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case, or, when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved. * * The court must, in every stage of an action, disregard any error or defect in the proceedings which does not affect the substantial rights of the adverse party, and no judgment shall be reversed or affected by reason of such error or defect.”
It is clear that the plaintiff, in this case, may be allowed to amend on proper terms, if that section applies to proceedings by attachment on affidavit.
In Pool vs. Webster, &c., (3 Met. Ky. Rep., 282,) it was held to be inapplicable to such proceedings. In That case the affidavit was defective because the agent making it failed to state that the plaintiff was out of the county. The defect was of the same character as the defect here, and did not relate to the grounds of the attachment. It was held that .section 161 did not apply to the case, and that the court below erred in allowing an amendment of the affidavit. There, a motion was made to vacate the attachment before the affidavit was amended. Here, no such motion has been made. This distinction, however, is not material, because, if section 161 applies to such affidavits, it authorizes an amendment of them “at any time, in furtherance of justice, and on such terms as may be proper,” without regard to any motion to vacate; and, on the *345 other hand, if it was correctly assumed in the case referred to, that the section does not apply to such affidavits, and that an attachment issued upon a defective affidavit is void, and, therefore, incapable of being helped by amendment, none can, of course, be allowed, even if there is no motion to vacate.
All that was said in that case, on this subject, is, that section 161 “relates altogether to amendments in the pleadings, and the character and form of the proceedings, and not to defects such as we are now considering, and which not only affect the substantial rights of the appellant, but render void the order of attachment complained of.”
An attachment is a “special proceeding” as defined by the'* Code. (Preliminary Provisions, secs. 2, 3 and 4.) Section 161 apiplies to “any proceeding” under the Code, and necessarily applies, therefore, to proceedings by attachment. This was coneeded in Pool vs. Webster, &c., but the section was held to relate only to “the character and form” of the proceeding, and not to such defects as the court were then considering.
This conclusion we cannot adhere to. It is not sustained either by the letter or policy of the Code, nor by any satisfactory reasoning to be found in the opinion. The precise idea intended to be conveyed by the expression, “the character and form of the proceeding,” is not distinctly perceived, nor do we perceive the ground of distinction between defects in “the character and form of the proceeding,” and defects in the affidavit which constitutes a part of the proceeding. The language of the law makes no such distinction. It speaks of proceedings and not of their character and form, and it authorizes the amendment of “any pleading or proceeding” in certain respects or “in any other respect.”
As the affidavit forms part of the proceeding, and as the section authorizes the amendment of any proceeding, “by correcting a mistake in the name of a party, or a mistake in any other respect,” it is difficult to escape the conclusion that the section was intended to apply to a defective affidavit.
As already stated, the opinion under review concedes that section 161 authorizes amendments with respect to “the character and form” of such proceedings. Would not an attach *346 ment, in a proceeding that does not conform to the Code, either in its character or form, be as invalid as an attachment issued upon a defective affidavit? And why should an amendment be allowed in the one case, any more than in the other?
To sustain an attachment a petition, stating a cause of action, is as necessary as an affidavit stating that the claim is just. If the petition may be amended, why may not the affidavit also, especially as both are clearly embraced in the terms of the law which gives the right to amend? The fact that this is a statutory proceeding, summary in its nature and sometimes oppressive in its operation-, furnishes reasons for requiring strict conformity to the provisions which authorize it, but furnishes no reason for dispensing with those other provisions which authorize the amendment of any proceeding under the Code.
If, however, an attachment issued upon a defective affidavit is valid, as it was said to be in Pool vs. Webster, &c., it could not be helped by an amendment under section 161, and such-amendment, therefore, should not be allowed. But upon what ground can it be held void? The Code does not declare t.hat the clerk’s order of attachment shall be void unless the requisite affidavit is filed, nor that the jurisdiction of the court is to depend on the filing of such affidavit. The case seems to be within the general rule, that the proceedings of á court, having jurisdiction of the person or subject, are not void, however erroneous they may be. The jurisdiction of the court in attachment cases depends upon the actual or constructive service of process upon the defendant, and not upon the plaintiffs’ affidavit, nor upon the clerk’s order. And these views are, we think, sustained by several cases which were not noticed in Pool vs. Webster, &c. In one of these it was held that a petition might be amended in an attachment suit brought by a judgment creditor, under section 476 of the Code. (2 Met., 286.) In such cases the affidavit required by section 222 is dispensed with. The attachment issues upon the filing of the petition verified in the ordinary mode. But there is no difference in principle between allowing the amendment of a peti *347 tion on which an attachment issues, and the amendment of an affidavit on which an attachment issues.
In another case it is said that, “the objection that the allegations of the petition are insufficient to uphold the attachment is also well founded. Their purport is, that Clarke was insolvent, and Smith was preparing to remove from the State with the intention of not returning. The charge of insolvency alone is insufficient for an attachment; a charge of removing from the State, unaccompanied with the statement that the party was about to remove his property, or a material part thereof, not leaving enough to satisfy the demand sued for, is equally defective. In this case, however, there was no answer, and no motion to vacate the attachment, and, upon the return of the cause, the appellee should have leave to amend his petition if he so desires, and, upon his failure to do this, his attachment should be vacated.” Gossom vs. Donaldson, 18 B. Mon., 230.) Though the Code requires the plaintiff to file an affidavit, stating the grounds for an attachment, as well as the nature, justness, and amount of his claim, yet if the petition itself contains a statement of all these matters, and is sworn to, it should be regarded as supplying the place of a separate affidavit, which, under such circumstances, may be dispensed with altogether. (Scott vs. Doneghy, 17 B. Mon., 324.) The case of Gossom vs. Donaldson, therefore, is an authority, that the plaintiff, where no motion has been made to vacate the attachment, may amend his affidavit by stating a ground for an attachment, and thus cure a defect, which, according to Pool vs. Webster, &c., renders void the order of attachment. In the case under consideration, no motion has been made to vacate the attachment, and, in allowing an amendment to the affidavit, we do not go as far, perhaps, as the court went in Gossom vs. Donaldson, because here the affidavit. states a valid ground of attachment, and is defective only because it fails to state the justness of the claim.
In Ryan vs. Bean’s adm'r., (2 Met., 138,) that part of section 161 which prohibits the reversal of a judgment for any error or defect in the proceedings, which does not affect the substantial rights of the adverse party, was held to be applicable to de *348 fective affidavits in attachment cases. If so, the preceding part of the same section is clearly applicable, and authorizes the amendment.
Our conclusion, then, is, that the court below may, on the return of the cause, allow the appellee to amend his affidavit on such terms as may be proper.
Concerning the alleged indebtedness of the appellant, Allen, we need not express an opinion.
The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.