JOSEPH WEIL AND MAX WEIL, Respondents, *v.* C. H. TYLER & Co., GARN., Appellants.

38  545
33a  27
38  545
35a  514
38  545
43a  337
38  545
67a  677
38  545
143  87

1. *Notes for Property—Demand—Contracts.*—Notes payable in money absolutely do not require any demand of payment before commencing suit; but notes payable in specific articles of personal property, when neither time nor place of payment are specified, are not subject to this rule, and before a suit can be maintained, a specific demand of payment, in accordance with the terms of the contract, must be made.

2. *Attachment— Garnishee.* — An attaching creditor only acquires such rights against the garnishee as the debtor possessed at the date of the garnishment; and no process can place the garnishee in a worse position than he would have occupied had he been directly sued by the debtor in the attachment suit.

*Appeal from St. Louis Law Commissioner's Court.*

*S. A. Holmes* and *C. H. Chapin,* for appellants.

I. If the assignment of the due-bill by the defendant to Baehr was valid, the garnishee must be discharged.

II. A note or due-bill payable in specific articles, in which no day or place of payment is mentioned, becomes due on a special demand of the articles specified at the debtor's place of business, and such a contract becomes a money debt only after a demand and refusal to pay over the specified property. The defendant having made no such demand, no right of action had accrued at the time the appellant was garnished—Chip. Contr. 28, 33–5, 48 ; id. Eaton's Supp. § 8, p. 228, & § 12, p. 234.

III. A debt or note for specific articles cannot be garnished ; it is only a debt due in money that can be garnished —Drake on Attach. § 550; McMinn v. Hall, 2 Tenn. 328; 4 Mass. 102; Minn v. Parker, 1 Ala. 421; 6 Port. 371; 14 Pick. 550; 7 B. Mon. 101; Attach. Act, R. C. §§ 19, 20, 35, 36, 38.

*Davis & Evans,* for respondents.

WAGNER, Judge, delivered the opinion of the court.

The appellant was summoned as garnishee of one Henry

Bucking, and in his answer denied all indebtedness otherwise than upon a certain due-bill, of which the following is a copy:

"St. Louis, Mo., November 16, 1860. Due Henry Bucking one thousand dollars in brandy at five dollars per gallon. We will let him have one or two barrels of fine whiskey on the above amount. This is for commissions. C. H. Tyler & Co."

The due-bill was endorsed, and there was an interplea filed, but the issue was found against the claimant; and as it has no material bearing on the question raised by the record, it will not be further noticed.

Upon a trial before the court, a jury being waved, no evidence was given that a demand was ever made for the brandy mentioned in the due-bill; but there was evidence tending to show that the appellant had the brandy, and had always been ready and willing to deliver the same when legally demanded or called for. The court decided that a special demand for the delivery of the brandy previous to the service of the garnishment was not necessary, and then rendered judgment against the garnishee for the amount in money.

Notes for the payment of money, absolutely on demand, require no specific demand; the commencement of a suit is a sufficient demand. But the rule is otherwise with respect to notes payable in specific articles, where no day or place of payment is mentioned, or are not fixed by some clear and certain implication of law. Thus, where the note was payable in farm produce on demand, and neither time nor place of payment was specified, it was held that before an action could be maintained a specific demand should have been made at the farm of the debtor—Lobdell v. Hopkins, 5 Cow. 516. Where a party has agreed or obligated himself to pay in specific articles, he cannot be charged or proceeded against as for a money debt till demand is made, and there is a refusal or neglect on his part to perform the contract; for until then he is in no default, and he has a right to insist on the terms of his agreement. And, on obvious principles,

courts have no right to interfere with the contracts between parties, and to make one party pay money when by the terms of his contract he has agreed to pay, and the other party has agreed to receive, something else. As long as a party is ready and willing to comply with his contract, he is entitled to stand by it, and it is only when he has been guilty of a breach that he is chargeable in a different manner.

An attaching creditor only acquires such rights against the garnishee as the debtor possessed, and no process or proceedings can place the garnishee in a different or worse position than he would have occupied if sued directly by the debtor in the attachment suit.

The payee in the note or due-bill could not have sustained his suit, and obtained a money judgment, without having made a prior demand and met with a refusal on the part of the payer to deliver the brandy, and the attaching creditor cannot pretend to stand in any more favorable attitude— Drake on Attach. § 550; Bartlett v. Wood, 32 Vt. 372; Stadler v. Parmlee, 14 Iowa, 175; Minns v. Parker, 1 Ala. 421; Wrigley v. Geyer, 4 Mass. 102; McMinn v. Hall, 2 Tenn. 328; Smith v. Chapman, 6 Porter, 365; Willard v. Butler, 14 Pick. 550; Blackburn v. Davidson, 7 B. Mon. 101.

The judgment will be reversed and the cause remanded. Judge Fagg concurs; Judge Holmes, having been of counsel, not sitting.