JOHN C. BUTLER & another *vs.* JOHN R. MULLEN & another.

One who has been charged as the trustee of H., by a judgment in the trustee process, and has paid to the judgment creditor, on execution, the sum with which he has been so charged, will not be protected against H.'s assignee in insolvency, if the first publication of the warrant in insolvency against H. was before the rendition of the judgment in the trustee process, though he had no actual notice of H.'s insolvency until after payment.

CONTRACT by the assignees in insolvency of Henry J. Holbrook, an insolvent debtor, to recover a sum of money due from the defendants to Holbrook.

It was admitted that the defendants were liable for the amount claimed, unless the following agreed facts furnished a defence.

The defendants were summoned as the trustees of Holbrook in an action brought by Simeon Snow against Holbrook, and were

charged as trustees on the 13th of October 1866 on default judgment was entered against Holbrook on the 19th; execution issued thereon on the 20th; and the defendants on the 22d of the same October paid over the said amount to the deputy sheriff, who held the execution, on his demand.

On the 10th of October 1866 a warrant in insolvency was issued against Holbrook; the first publication of the issuing thereof was made on the 11th of October, and on the 1st of November following the plaintiffs were appointed assignees, and received an assignment of Holbrook's property.

No suggestion of Holbrook's insolvency was ever made on the record in the case of Snow against Holbrook, and no notice of said proceedings in insolvency was ever received by the defendants, nor was any given to them, unless the issuing of the warrant in insolvency, and the first publication of the issuing of the same, were notice to them.

On the above facts, in the superior court, judgment was ordered for the defendants, and the plaintiffs appealed.

*E. Avery*, for the plaintiffs.

*H. W. Bragg*, for the defendants.

HOAR, J. The defendants were summoned as trustees, and charged as such upon their default on the 13th of October 1866; and a judgment being entered against Holbrook, the principal defendant, on the 19th of the same October, execution issued on the 20th of the same month, and they paid over the amount due upon the execution, upon the demand of the officer who held it, on the 22d day of the same month. A warrant of insolvency issued against Holbrook, October 10, 1866, the first publication was made on the next day, and the plaintiffs were appointed assignees of his estate on the 1st of November following.

Upon these facts we think the defence to this action cannot be maintained. The payment by the defendants upon the judgment against them as trustees was a valid payment as against Holbrook, his executors and administrators. Gen. Sts. *c.* 142, § 37. But it had no validity against a party whose title inter-vened before the judgment against them was rendered, and

whose title was superior to the attachment by which the fund had been held. Not only does the assignment, when made, relate back to the first publication of the notice in insolvency, and vest all the property of the debtor in the assignee, but before the assignment the debtor is so far divested of his property, by virtue of the issuing of the warrant, that from the first publication no transfer or conveyance of it can be made which will have any validity against the assignee. Gen. Sts. *c.* 118, § 44. *Clarke* v. *Minot*, 4 Met. 346. *Judd* v. *Ives*, Ib. 401. *Edwards* v. *Sumner*, 4 Cush. 393. *Gallup* v. *Robinson*, 11 Gray, 20. By the assignment, the debt which the defendants owed to Holbrook on the 11th of October became due to the plaintiffs and vested in them as a chose in action on and after that day ; and a subsequent payment to Holbrook or to any person other than the plaintiffs does not discharge the debt.

The defendants cannot be allowed to show that they had no notice of the insolvency, as the publication of the notice of the issuing of the warrant is legal notice to all persons, by which they are bound. *Clarke* v. *Ives, ubi supra.* *Edwards* v. *Sumner*, *ubi supra.* *Hall* v. *Whiston*, 5 Allen, 126. 5 Bac. Ab. Trover, E. 12. *Judgment for the plaintiffs.*