JOSEPH WEIL and MAX. WEIL, Defendants in Error, *v.* C. H. TYLER *et al.*, Garnishees of HENRY BUCKING, Plaintiffs in Error.

1. *Garnishment — Indebtedness, when liable to.*—In order that an indebtedness may be liable to garnishment, it must be absolutely due as a money demand, unaffected by liens or prior encumbrances or conditions of contract.

## Error to St. Louis Circuit Court.

Upon trial of the cause in the court below, it appeared in evidence, on the part of the plaintiffs, that the garnishees made and delivered to the defendant, Bucking, a certain due-bill, of which the following is a copy:

"ST. LOUIS, Mo., *November* 16, 1860.

"Due Henry Bucking one thousand dollars, in brandy, at five dollars per gallon.   We will let him have one or two barrels of fine whisky on the above amount — this is for commissions.

"C. H. TYLER & Co."

Upon this note plaintiffs endeavored to hold the makers liable as garnishees of the defendant.

For other facts, *vide* same case, 38 Mo. 545, and the opinion of the court in this case.

*C. H. Chapin,* for plaintiffs in error.

I. A note or due-bill, payable in specific articles, in which no day or place of payment is mentioned, becomes due on a special demand of the articles specified at the debtor's place of business, and such a contract becomes a money debt only after a demand and refusal to pay over the specified property.   The defendants having made no demand, no right had accrued at the time the plaintiff in error was garnished.   (Chit. Cont. 28, 33–5, 48; *id.* Eaton's Sup. § 8, p. 228, § 12, p. 234; Weil *et al.* v. Tyler *et al.*, Garn., 38 Mo. 545.)

II. A debt or note for specific articles cannot be garnished; it is only a debt due in money that can be garnished.   (Drake on Attach. § 550; Mims v. Parker, 1 Ala. 421; Wrigley v. Geyer, 4 Mass. 102; McMinn v. Hall, 2 Tenn. 328; Smith v. Chap-

man, 6 Por. 365 ; Willard v. Butler, 14 Pick. 550 ; Blackburn v. Davidson, 7 B. Monr. 101 ; Weil *et al.*, v. Tyler *et al.*, Garn., 38 Mo. 545 ; Scales v. Southern Hotel, 37 Mo. 520.)

*Davis & Evans*, for defendants in error.

The judgment would have stood if it had been for brandy instead of money, or conditional. This is for brandy, subject to be made a money judgment upon failure of the garnishee to deliver the brandy to the plaintiff. (14 Iowa, 177–8.)

WAGNER, Judge, delivered the opinion of the court.

This case presents essentially the same state of facts that it did when it was here before. (38 Mo. 545.) We then held that the plaintiffs were not entitled to a money judgment against the defendants.

On a re-trial there was no evidence of demand or refusal to pay in brandy, according to the contract of indebtedness, and the court instructed the jury that the plaintiffs could not recover. Verdict and judgment accordingly went for defendants. An appeal was taken to general term, and the judgment was reversed, upon what ground we are not advised. There is no dispute about the defendants (garnishees) owing the amount in property—they admit that in their answer—but the issue was taken on an absolute and unconditional indebtedness, which they denied ; and there was no proof that they owed anything, otherwise than as expressed in the contract, which was to be discharged by the payment of brandy. It is evident that they cannot be held liable in this proceeding.

There are exceptional cases reported, but it must be considered as settled law that, to hold a garnishee liable in attachment, the debt must be such as is due in money. (Drake on Attach. § 550, 3d ed., and authorities cited.)

This court has said, in speaking on the subject, that in order that an indebtedness may be liable to garnishment it must be shown to be absolutely due as a money demand, unaffected by liens or prior encumbrances or condition of contract. (Scales v. Southern Hotel Co., 37 Mo. 520 ; Weil v. Tyler, 38 Mo. 545.)

The plaintiffs, surely, have an appropriate remedy, but they have mistaken it upon going to trial upon this issue.

The judgment will be reversed and the cause remanded. The other judges concur.