## T. L. HATHAWAY v. W. C. MORRIS, ETC.

**Bills and Notes—Possession—Evidence of Ownership.**

The possession of a bill of exchange is prima facie evidence of ownership of the bill, and, having been a part of the petition, no other evidence of ownership is necessary, but in the absence of other evidence of title the payee or his legal representative should be made to appear to the action.

**Bills and Notes—Bill of Exchange—Legal Title.**

Where a bill of exchange was not indorsed by the deceased's payee, the legal title was not in the holder of the bill, but in the legal representative of the payee, who was a necessary party to an action by the holder.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

December 28, 1872.

OPINION BY JUDGE PETERS:

Appellees brought this action in the court below, and allege in their petition that appellant by his bill dated March 15, 1865, which they filed with their petition, promised to pay to the order of E. M. Bruce thirty pounds (£30) ten days next thereafter; that said bill was addressed to one David Hathaway at Mt. Sterling, Ky., who never accepted the same; and that defendant had no funds in the hands of said David Hathaway, when he drew said bill, and knew at the time he had none; that said money was loaned to said defendant at a gold valuation, and to enable him to purchase clothing, etc., as shown by an endorsement on said bill; that said E. M. Bruce is dead, and plaintiff, Sallie E., was left his widow, and said bill was transferred to her in the distribution of said E. M. Bruce's estate, and belonged to her; that she subsequently intermarried with plaintiff, W. G. Morris, and that plaintiffs are now the holders and owners of said bill; that a pound sterling (£) at the time of the making of said bill was, and is still worth the sum of $4.88 in gold and so plaintiffs say defendant is indebted to them as above stated, and that no part of said debt has ever been paid.

To the petition the defendants demurred on two grounds; First, that the proper parties are not made; Second, that the title to the bill appears on its face to be in J. E. Withers and R. M. Bruce.

From a bill of exceptions copied with transcript it appears that when the demurrer was filed, there was an endorsement of the bill sued on to H. C. Bruce and J. E. Withers, and before the demurrer was disposed of, the court permitted the plaintiffs to erase the endorsement to Bruce and Withers, to which the defendant excepted. And the court then overruled his demurrer, and he, declining to answer further, the case was by agreement submitted to the court, and on proof heard judgment was rendered for the plaintiffs below, and the defendants have appealed to this court.

Appellees as holders of the bill might maintain an action against the drawer although they were not the payees therein. The possession of it by them was prima facie evidence of ownership, and having produced and made it part of their petition, no other evidence of ownership was necessary; but that of itself only furnished evidence of an equitable title in the holders, and in the absence of other evidence of title it would have been necessary to have made the personal representative of the payee of the bill a party to the action.

But it is expressly alleged in the petition that the bill was transferred to Mrs. Morris as a part of her distributable share of her late husband's estate, who was the payee thereon.

A promissory note may be assigned, or transferred, by a writing separate from the note; while an averment in a petition by the plaintiff, not the payee of the note that it had been transferred to him might imply that it had been assigned to him by the obligee on a separate piece of paper. As to bills of exchange the rule is different and invested him with the legal title; these can be transferred only by endorsement, which *ex vi lermeni* means an assignment on the back of the instrument. *Instone v. Williams, etc.,* 8 Bibb. 83. As the bill sued on is not endorsed by the personal representative of the original payee the legal title was not in appellees but in E. M. Bruce's personal representative, who was a necessary party to the action, and on that account the demurrer to the petition should have been sustained. *Gill v. Johnson's Adm'r,* 1 Met. 649.

The court below did not err in permitting the plaintiffs, as holders of the bill, to strike out the endorsement of the bill to Bruce & Withers, as it does not appear that appellant was prejudiced thereby.

It is expressly averred in the petition that the drawer of the bill had no funds in the hands of the drawer, and no proof of protest and notice thereof was necessary.

But for the error indicated the judgment must be reversed and the cause is remanded for a new trial and for further proceedings consistent herewith.

*Tenney & Summers, Turner, for appellant.*

*Apperson & Reid, for appellees.*