COMMONWEALTH *vs.* JOHN MARTIN.

Franklin. Sept. 21, 1880. — Feb. 24, 1881. COLT, MORTON & FIELD, JJ., absent.

Actual knowledge, by a debtor, of the filing of a petition in insolvency against him, is not sufficient to support an indictment against him, on the Gen. Sts. *c.* 118, § 106, for secreting a portion of his estate, after "notice" of such filing.

INDICTMENT on the Gen. Sts. *c.* 118, § 106, alleging that, on January 24, 1880, a petition was duly filed in the Court of Insolvency for the county of Franklin against the defendant, who was then and there a debtor, praying that a warrant might be issued to take possession of his estate, that the same might be seized and distributed according to law, of which petition and of the filing and pendency of the same the defendant had due notice; that afterwards, while the petition was still pending, and after the defendant had had due notice of the filing of the same against him, on January 29, 1880, the defendant unlawfully secreted and concealed certain property then and there belonging to his estate, to wit, divers promissory notes, current as money in this Commonwealth, a more particular description of which was to the jurors unknown, of the amount and value in all of $150, with a view then and there to prevent said property from coming to the possession of the messenger of the Court of Insolvency, and to hinder, impede and delay the messenger from recovering and receiving the said property; and that the judge of the Court of Insolvency, before said secreting and concealing said property, and after the filing of the petition, duly issued his warrant to take possession of the estate of the debtor according to law.

At the trial in the Superior Court, before *Allen*, J., the government introduced evidence tending to show that, on January 24, 1880, a petition was filed in the Court of Insolvency against the defendant; that no order of notice under the seal of the court was ever issued on the petition; that, on January 26, the defendant had actual knowledge of the petition; that, on that day, a copy of the petition, with a copy of the order of the court thereon, but not under seal, was delivered to the defendant; and that, on January 29, the judge issued his warrant to take possession of the defendant's estate, and demand was then made on him by the messenger for his property, a portion of which he concealed.

The defendant requested the judge to rule that the notice of the filing of the petition required by the Gen. Sts. *c*. 118, § 106, was the same required by § 104; and that knowledge derived through other means would not warrant a conviction; and to direct the jury to return a verdict of not guilty. The judge declined so to rule; and instructed the jury that actual knowledge by the defendant of the filing of the petition was, the other elements of the case being proved, all that was required.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*A. De Wolf*, for the defendant.

*G. Marston*, Attorney General, for the Commonwealth.

LORD, J. This indictment is on the Gen. Sts. *c*. 118, § 106, which provides that, "if a debtor, after notice of the filing of a petition by or against him, secretes or conceals any property belonging to his estate," he is punishable "by imprisonment in the state prison not exceeding five years, or in the jail not exceeding two years."

Section 104 of the same chapter provides that "the judge, after notice of the petition given to the debtor by a copy thereof served upon him personally or left at his last and usual place of abode, and a hearing," "shall forthwith issue his warrant to take possession of the estate of the debtor."

The exact question in this case is whether the notice referred to in § 106 is the notice which the statute requires the judge to give to the debtor, or is it simply knowledge of the fact acquired in some other mode by the debtor. The presiding judge

instructed the jury " that actual knowledge by the defendant of the filing of the petition is, the other elements of the case being proved, all that was required."

This instruction was erroneous. The notice which the debtor must have is a notice from the judge to him. The statute is highly penal, and the act committed by the party is made a felony. It is undoubtedly true that civil rights may sometimes be affected by information derived from other than official sources. Commonly, however, such results follow only when the official notice is constructive, instead of knowledge derived from personal service of notice ; as, information of an unrecorded deed. But, even to affect civil rights, information derived *aliunde* is not always equivalent to a service of notice required by law. *Clarke* v. *Minot*, 4 Met. 346, 350. *In re Brown's trusts*, L. R. 5 Eq. 88.

It is not necessary in this case to determine whether any informality or irregularity, either in form or substance, in the notice issued by the judge to the debtor, would vitiate the notice. Such defect might be so gross as that the whole proceeding would be treated as a nullity, or the informality might be so slight as to require scrupulous attention to discover it. What we decide is, that the notice referred to in the statute is the notice which the statute requires to be given by the judge to the debtor, and, until such notice is given, no liability under this clause of the statute can attach.

It is not an answer to this to say that under some circumstances the purposes of the statute may be defeated. If a creditor should say to a debtor, " If you do not discharge this debt, I will file a petition against you in insolvency at twelve o'clock to-day," and he does not discharge the debt, and the creditor does file the petition, it could not be contended that the debtor had notice of the filing of the petition. He would, however, or might, have reasonable cause to believe that the petition had been filed; and a reasonable cause to believe the existence of a fact is commonly equivalent to knowledge of the fact. It is apparent, therefore, that if the word " notice " is to be construed as " information " in whatever mode obtained, parties might innocently be subjected to great peril. The phrase "actual knowledge " in the instructions of the court was understood, both by

the counsel for the government and for the defendant, to mean information derived *aliunde*. The statute applies to petitions by or against an insolvent. If the petition had been filed by the insolvent, he could have had actual knowledge of the filing of the petition, in the strict and technical sense of the words; and we may assume that in such case the instruction would have been strictly accurate; for it is to be observed that, when a petition is by the debtor himself, there is no necessity for notice to him of the filing, and the law provides for no such notice, but on the contrary directs the judge forthwith to issue a warrant directing the proper officer to take possession of the insolvent's estate; and, inasmuch as the statute requires no notice to be given to him, the actual knowledge which he possesses, derived from the personal filing of the petition, may be deemed to be the statute notice, without in any manner requiring it to be held that to a debtor, against whom proceedings are pending *in invitum*, any other information than a notice given by the judge is sufficient. The only difficulty which presents itself is the fact that, for the sake of brevity and to avoid indirection of language or the use of superfluous words, the statute has used the same language in relation to notice as applicable to different classes of cases; and its true meaning can be ascertained only by construing it in such mode as to give effect to the purposes and object of the Legislature. The two kinds of proceeding, voluntary and involuntary insolvency, while they partake generally of the same characteristics, and the rules of proceeding are generally similar if not the same, are in some respects quite dissimilar; and the language of the statute, which includes both branches, is to be so construed as to accomplish the ends in view.

In this view, it is not necessary to call to our aid those old, familiar and well-established rules of construction which require statutes highly penal to be construed strictly; and that, in the creation of new offences, and especially of felonies, all the elements of the offence must be carefully alleged and exactly proved; and that, in those cases in which a guilty knowledge is an element, the *scienter* must be both alleged and proved, and, though alleged with an unnecessary particularity and minuteness, must be proved with the same particularity and minuteness.

Without the aid of these rules, the construction which we adopt is the natural one; and it is quite apparent that such obvious construction was in the mind of the pleader when the indictment was drawn. The indictment alleges that a petition was filed in a court of insolvency against the defendant, which petition prayed that a warrant might be issued, &c., "and of the filing and pendency of the same the defendant had due notice;" and that afterwards, while the said petition was still pending in said court of insolvency, "and after the defendant had had due notice of the filing of the same against him," &c. The only due notice which one can have of a fact of which the law requires notice to be given to him is that notice which the law prescribes; no other notice is due notice; and proof of no other notice than that supports the allegation of due notice. If due notice need not be proved, it need not be alleged; and the notice which is an element of the crime must not only be alleged, but must be proved as alleged. If, therefore, the construction of the statute were doubtful, the variance between the notice as charged and the notice which the court allowed to be substituted for it would be fatal.        *Exceptions sustained.*