JOHN ZELTMAN, Appellant, v. COMMERCIAL BANK OF ST. LOUIS, Garnishee of SIMON, ELLMAN & COMPANY, Respondent.

St. Louis Court of Appeals, December 8, 1896.

**Garnishment:** LIABILITY OF GARNISHEE. To render one liable to garnishment on account of his indebtedness to the execution or attachment defendant, such indebtedness must be due as a money demand, unaffected by liens or prior incumbrances, or conditions of contract. If the liability of the garnishee depends on a contingency which may never arise, it is not the subject of garnishment. So, one holding property as an indemnity for his conditional liability is not subject to garnishment. These propositions hold as to a pledgee as well as to a mortgagee.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

AFFIRMED.

*Albert Arnstein* and *W. C. & J. C. Jones* for appellant.

The ownership of pledged personal property or choses in action remains in the pledgor, the pledgee having but a special property therein. *Richardson v. Ashly*, 33 S. W. Rep. (Mo.) 806; 4 Kent, Com., star

p. 135; 18 Am. Encyclopedia Law, p. 590; Story, Bail., sec. 287.

A pledgee in possession of choses in action or personal property belonging to the debtor is subject to garnishment. *Weil v. Posten*, 77 Mo. 284; *Aetna Ins. Co. v. Bank of Wilcox*, 67 N. W. Rep. (Neb.) 449; *Security Loan Ass'n v. Weems*, 69 Ala. 584; *Chesapeake v. Sparks*, 18 Fed. Rep. 281; *Brunswick Bank v. Seewall*, 34 Me. 202; *Warner v. Fourth Nat'l Bank*, 115 N. Y. 251; *Deering v. Richardson*, 41 Pac. Rep. 801; *Bank v. Baeder Glue Co.*, 164 Pa. St.

*Sale & Sale, David Goldsmith,* and *Bernard Greensfelder* for respondent.

Property which is subject to a mortgage or a pledge, or any prior lien whatsoever, is not attachable by garnishment. *McQuarry v. Duff*, 57 Mo. App.; *Scales v. Southern Hotel*, 37 Mo. 525; *Beckham v. Tootle*, 19 Mo. App. 604, 605; *Mercantile Co. v. Bettles*, 58 *Id.* 384; Jones, Pledg., secs. 372, 373; 8 Am. and Eng. Encyclopedia Law, pp. 1162, 1185, 1186.

The legal title in the case of a chattel mortgage is not in the mortgagee, but in the mortgagor, prior to condition broken. *Barnett v. Timberlake*, 57 Mo. 501; *Boeger v. Largenberg*, 42 Mo. App. 7, and cases cited; Jones on Chat. Mortg., secs. 427, 428.

ROMBAUER, P. J.—The plaintiff appeals from a judgment discharging the garnishee upon final hearing. There is no controversy touching the facts on which the garnishee's liability depends, the only complaint made by the plaintiff is that upon the facts thus shown the garnishee should have been held.

The plaintiff is a judgment creditor of Simon, Ellman & Company. He served the defendant bank

with process of garnishment in 1893, whereupon, on the nineteenth day of October, 1893, the bank made answer to the interrogatories propounded to it.    The parts of the answer which bear upon the points now in controversy are as follows:

"And garnishee further says that on the twenty-fourth day of August, 1893, the said Simon, Ellman & Company were indebted to this garnishee on various notes executed by the said Simon, Ellman & Company and by others for their accommodation, in the sum of $14,193.33.    That in addition to such indebtedness the said Simon, Ellman & Company were liable as indorsers to this garnishee on various notes aggregating the sum of $2,737; that on the twenty-fourth day of August, 1893, said Simon, Ellman & Company transferred and delivered to this garnishee accounts receivable against various persons, which accounts aggregated on their face the sum of $5,696.63; that such accounts were transferred to this garnishee as collateral to secure any balance that might be due garnishee on any of the indebtedness aforesaid due to it from Simon, Ellman & Company; that at the time said accounts were assigned to this garnishee it was agreed that all moneys collected from such accounts, after deducting all expenses of collection, should be applied to any balance due this garnishee.

"And this garnishee states that it has collected from the accounts so assigned, after deducting all expenses, the sum of $1,394.74, and that the accounts uncollected are still held by it to secure the unpaid balance due this garnishee.    And garnishee further says that on the twenty-fifth day of August, 1893, said Simon, Ellman & Company confessed judgment in its favor in the circuit court of the city of St. Louis, in the sum of $14,193.33.    That execution was issued on said judgment and by the sheriff of the city of St. Louis levied on the

property of said Simon, Ellman & Company, and that the proceeds of the sale of the property so levied on under said execution, amounting to the sum of $12,-375.67, were paid to this garnishee on its said judgment, by the sheriff aforesaid, leaving a balance on its said judgment of $1,817.66; and this garnishee further says that at the time of the failure of said Simon, Ellman & Company in business, to wit, on August 25, 1893, the said Simon, Ellman & Company were liable to it as indorsers on various notes which had been discounted by garnishee for said Simon, Ellman & Company in the sum of $2,737.48; that on the notes so discounted there has been paid the sum of $783.42, leaving the sum of $1,954.06 still unpaid; that the various accounts assigned to this garnishee as hereinbefore stated are held by garnishee under an agreement with the said Simon, Ellman & Company to secure the balance due it as herein set forth, to wit, the sum of $3.771.72.

"Garnishee further says that at the time it was summoned as garnishee, it had in its possession, custody, and charge no lands, tenements, goods, chattels, moneys, credits, and effects of Max Simon and John Ellman, or either of them, except as hereinbefore stated. That at said time it was not, nor has it since become, nor is it now in anywise, indebted to Max Simon and John Ellman, or either of them, except as hereinbefore stated."

The cause against the garnishee was continued from time to time until January, 1896. On the twenty-seventh of that month the plaintiff filed a denial of the garnishee's answer, which, after admitting the facts as set out in the answer, stated in substance that since said answer was filed the entire amount owing to the defendant garnishee, had been repaid to it from the proceeds of the pledged collaterals, leaving in the gar-

nishee's hands and under its control the sum of $2,000 due Simon, Ellman & Company.   Issue was taken on this denial by reply.

At the trial it developed that, in the spring of 1894, the garnishee had realized out of the collaterals, which by its answer it admitted having received, a sum sufficient to satisfy the indebtedness for which they had been pledged to the bank, and that it had collected out of them in addition, the sum of $880.40.   It further appeared that of this sum $880.40, $599.50 was realized from the compromise of a foreign judgment, which formed part of the collateral, described in garnishee's answer as "accounts receivable," which had been assigned to the garnishee.

The cause was tried by the court without the intervention of a jury, and judgment was rendered in favor of the garnishee.

The contention of the plaintiff is that a garnishment under the provisions of section 5221 of the Revised Statutes is effective to hold not only all moneys and choses in action of the defendant which are in the garnishee's possession at the time of the service of the garnishment, but also all such assets which may come into his possession or charge or under his control between the time of the service and the time of filing his answer.   This proposition is, of course, conceded by the garnishee, who, however, claims that at the time of filing his answer, he had no assets of the judgment creditor under his control on account of which he was subject to garnishment, and the mere fact that assets came to his hands subsequent to said date which would render him subject to the process of garnishment in another proceeding, does not render him liable *in this proceeding*.

It has been the rule in this state since an early date, that under our statute, in order to render one

liable to garnishment on account of his indebtedness to the execution or attachment defendant, such indebtedness must be due as a money demand unaffected by liens or prior incumbrances, or conditions of contract. *Scales v. Southern Hotel Company*, 37 Mo. 520; *Weil v. Tyler*, 38 Mo. 545; s. c., 43 Mo. 581. If the liability of the garnishee depends on a contingency which may never arise, such debt is not the subject of garnishment. *Beckham v. Tootle*, 19 Mo. App. 604; *McCord and Nave Mercantile Co. v. Bettles*, 58 Mo. App. 389. Hence it has been held that one who holds property as indemnity for his conditional liability is not subject to garnishment. *McQuarry v. Duff*, 57 Mo. App. 213.

The plaintiff while conceding these propositions as to a mortgagee denies them as to a pledgee on the ground that the legal title in case of a mortgage is in the mortgagee, while in case of a pledge it is in the pledgor. This distinction is untenable. The legal title of a mortgaged chattel before condition broken is in the mortgagor, not only in this state, but in every state where the lien theory prevails. *Barrett v. Timberlake*, 57 Mo. 501; *Boeger v. Langenburg*, 42 Mo. App. 7. In fact, the pledgee stands in that regard in a better position, because the legal title to accounts assigned by way of pledge is in him, and not in the pledgor.

The only authority found in this state which gives seeming countenance to the correctness of the position assumed by the plaintiff, is a suggestion thrown out by way of query in the closing paragraph of Commissioner Winslow's opinion in *Weil v. Posten*, 77 Mo. 284. It must be remembered, however, that that case went off on other grounds, and that the remark relied on was not essential to the decision. Whether the garnishment law should be so changed as to make the garnishee liable for conditions existing at the date of the trial, is a proposition which must be addressed to the

lawgiving power. Courts fulfill their duty when they declare the law as they find it. It is not for them to usurp the province of the legislature and to attempt to relieve apparent hardships by declaring the existence of a distinction where none exists.

All the judges concurring, the judgment is affirmed.