THOMAS H. SCALES *et al.*, Respondents, *v.* THE SOUTHERN HOTEL COMPANY, GARNISHEE, &C., Appellant.

1. *Witness.*—The judgment debtor is a competent witness for the plaintiff in an execution in the proceedings against a garnishee upon execution. He is not a party to the immediate record, neither is he an assignor, within the meaning of the statute.
2. *Execution—Garnishment.*—In order that an indebtedness may be liable to garnishment, it must be shown to be absolutely due as a money demand, unaffected by liens or prior encumbrances, or conditions of contract.

*Appeal from St. Louis Circuit Court.*

The Southern Hotel Company was summoned as garnishee upon execution in favor of plaintiffs, of McBride & Thornburg (a firm composed of Joseph H. McBride and Joseph W. Thornburg), on November 13, 1862. At the return of the *fi. fa.*, the plaintiffs filed fifteen special interrogatories to be answered by the garnishee, inquiring into all of the transactions between the garnishee and defendants. The defendants had been the contractors with the hotel company for doing the brick work of the hotel, and the contract had not been completed at the date of the garnishment. At the time of answering, the contract had been closed; the account of the defendants as against the garnishee amounted to $44,318.67, and the account of the garnishee, for moneys paid and assumed and charged to defendants, amounted to $45,169.69, showing a balance against defendants of $845.02.

Scales et al. v. Southern Hotel Co.

The sixth, seventh and eighth interrogatories inquired, whether any moneys, orders, &c., had been paid since the date of the garnishment. To these the company answered that it had paid moneys to defendants, and their sub-contractors and workmen, in order to prevent liens being filed upon their building. They paid defendants, to be paid to workmen, the payment being thus applied and paid workmen, under superintendence of the agent of the company, November 29, 1862, $412.90 ; December 6, 1862, $67.55 ; making a total of $480.45.

In answer to the seventh interrogatory the company answered, that it had undertaken to see to the payment of the material men, and had paid for materials furnished to the building :

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| November 20, 1862, | F. Walkenhorst, | for brick, | - | - | - | - | $365 60 |
| December 2, 1862, | W. Stell, | " sand, | - | - | - | - | 78 00 |
| " 4, 1862, | H. Spelman, | " brick, | - | - | - | - | 56 00 |
| " 4, 1862, | J. H. Locke, | " lime, | - | - | - | - | 151 20 |
| " 27, 1862, | C. Best, | " brick, | - | - | - | - | 474 60 |
| January 26, 1863, | Plaintiffs, | " " | - | - | - | - | 544 00 |
| | | | | | | | $1,669 40 |
| | Making with the sum paid workmen, | | - | - | - | - | 480 45 |
| | Paid after the garnishment, | | - | - | - | - | $2,149 85 |

Inquiry was made as to liens, none of which were filed or paid, except one, that of plaintiff, for $544.

The garnishee denied all indebtedness to defendants, and alleged that it had overpaid defendants. The replication alleged that the sum of $1,669.40 was illegally paid after garnishment, and alleged a general indebtedness. To this there was a rejoinder. At the trial the only dispute was as to the payments made after the date of the garnishment, November 13, 1862, and a draft of J. Thornburg accepted by defendant J. W. Thornburg in favor of the company, November 19, 1860, and payable out of the money due on the contract at its final payment. This draft was charged against defendant November 19, 1860. At the trial the garnishee offered in evidence to prove, that the persons to whom they paid

money after the garnishment, the building not being completed, had the right to file liens upon the building, and also, that the company had agreed with defendants upon the resumption of work in 1862, that, to avoid liens, it would see to the payment of the material men and laborers, and that it had paid them all along upon orders and receipts of defendants. It also gave evidence tending to prove that both defendants assented to the acceptance of the Thornburg draft.

The plaintiff called the defendant J. H. McBride as a witness, to whom the garnishee objected because he was a party to the record, and a party for whose benefit the suit was prosecuted. The objection was overruled, exception taken and saved.

The garnishee objected to McBride testifying to any matters occurring prior to the garnishment, as he was the assignor of a chose in action, and incompetent. The objection was overruled, exception taken and saved.

The court, before whom the case was tried, found that all the payments made by the garnishee after the garnishment were made in its own wrong, and that it was indebted in the sum of $2,148.85, and ordered it to pay plaintiffs $1,034.13 and $38,05 costs. The garnishee filed its motion for a new trial, which being overruled and judgment given, it appealed.

*Whittelsey*, for appellant.

I. McBride was not a competent witness for plaintiffs.

*a*. He was a party to the record, in the same manner as if he had sued the garnishee himself. The record would be evidence against him. He is but the cat's paw in the monkey's hands—R. C. 1855, p. 1577, § 6; Pratte v. Coffman, 33 Mo. 71; Patrick v. Steamboat Adams, 19 Mo. 73; Kanes v. Pritchard, 36 Mo. 135.

*b*. If not a party to the record, and the suit was not for his benefit, he must be considered as the assignor of a chose in action, incompetent to testify as to any facts occurring antecedent to the garnishment—R. C. 1855, p. 1577, § 6; Gardner v. Clark, 17 Barb. S. C. 548.

II. The court erred in its finding, that the garnishee paid the laborers and material men, after the garnishment, in its own wrong. There was no issue as to the fact of payment after garnishment. That was admitted. The building had not been completed at that time. The evidence showed that these parties could have filed their liens and enforced payment—Sess. Acts, 1857, p. 668, §§ 1, 2, 3 & 19. The garnishee could not equitably be required to wait until the liens were actually filed and litigated. The lien commenced with the building, and continued until thirty days after completion for laborers, and four months for material men. McBride and Thornburg were insolvent, as appears by the return that no property could be found to make the debt, as well as from the evidence. The creditor can have no greater right against the garnishee, than the defendant in the execution—Drake on Att. §§ 414–5, 677, 696; Firebaugh v. Stowe, 36 Mo. 111. By the mechanics' lien act, 1857, p. 668, § 19, after liens filed, the owner could withhold payment to the contractor. Is not his equity to refuse payment just as good when the contractor is insolvent, and he knows that he will be compelled to pay the material men and laborers, and he does pay them to avoid costs and litigation?

III. The defence, that he had by agreement with the contractors assumed these payments, having been declared as a matter of law against the garnishee, the point is made upon that finding, that the court erred in holding that no defence.

*Alex. H. Martin,* for respondent.

I. The company was not justified in making the payments:

1. Because it does not appear the payments were made to sub-contractors who had any rights as lien-holders.

2. Because if the sub-contractors had any rights, they had not taken the steps, such as giving notices and filing liens, which constitute them lien-holders, and which steps alone can justify the owner in detaining or paying his dues.

3. Because the payments were not made in compliance with any contracts with McBride & Thornburg.

4. No contract with McBride & Thornburg could justify them (the company) in paying after the garnishment. It must be with the sub-contractors.

II. The Thornburg draft should be rejected:

1. Because McBride did not assent. 2. If he did, there is no consideration to it, and he is not bound. 3. If he did assent, it is void, as not being in writing. 4. Only John W. Thornburg accepted the draft, and this bound him only, and his individual interest in the last payment. 5. This individual interest in the last payment must be subject to the payment of the debts of the firm of McBride & Thornburg, of which ours is one.

HOLMES, Judge, delivered the opinion of the court.

This is an appeal from the judgment of the St. Louis Circuit Court, rendered against the defendant, as garnishee under execution issued upon a judgment in favor of the plaintiffs against McBride & Thornburg. The issues were found for the plaintiffs, and judgment was given against the defendant for the sum of 1,072.18, the amount of the execution, with interest and costs thereon. There was no instruction, but a motion for a new trial was overruled, and exception was taken to the admission of the testimony of McBride, one of the defendants in the execution, offered as a witness for the plaintiff.

The questions presented for decision here would seem to be these only: First, whether McBride was a competent witness, and second, whether the finding and judgment were sustained by the evidence.

We think the defendant in the execution was a competent witness. Proceedings in garnishment constitute a separate record. There is a distinct trial, and the issues are to be tried and the parties adjudged to pay or recover, as in ordinary cases between plaintiffs and defendants. In garnishment on execution, the proceedings are to be the same as under attachment. The defendant in the execution is not a party to the immediate record. His interest in the event of the

trial does not exclude him. Neither can he be considered an assignor within the meaning of the statute, which excludes an assignor from being a witness. We see no good reason for excluding his testimony.

The finding of the court appears to have been well warranted by the evidence. With respect to the draft of Josiah Thornburg, the evidence does not show that it had ever been allowed as a payment on the account of McBride & Thornburg. It could not be taken into that account without the assent of McBride, which does not appear to have been given in a way to conclude him. He stated positively that he never did consent.

With regard to the amounts paid out to sub-contractors after service of garnishment, it did not clearly appear that at the times of payment they were demands which could have become liens under the statute. No notices of lien had been given. We must hold the finding of the court to have been correct until the contrary is made to appear. In order that an indebtedness may be liable to garnishment, it must be shown to be absolutely due as a money demand, unaffected by liens, or prior encumbrances, or conditions of contract; but the evidence here failed to show any such contract for the payment of this money to the sub-contractors or others as would prevent it from being subject to garnishment as money due the defendant in the execution.

Judgment affirmed. Judge Wagner concurs; Judge Lovelace absent.