| 18a | 139 |
|-----|-----|
| 33a | 27 |
| 18 | 139 |
| 43 | 337 |
| 18 | 139 |
| 73 | 639 |

T. HEEGE, Appellant, v. JERE FRUIN ET AL. Respondents.

St. Louis Court of Appeals, June 2. 1885.

1. CONTRACT CONSTRUED—MECHANIC'S LIENS—CONTRACTOR AND SUB-CONTRACTOR.—The contract in this case is construed to give the contractor a right to pay employes of the sub-contractor, irrespective of whether such employes might have maintained a mechanic's lien for the work done.

2. ———— GARNISHMENT.—An indebtedness is not liable to garnishment unless it is due as a money demand, unaffected by incumbrances or by conditions of contract.

3. —— EVIDENCE.—In a garnishment proceeding against a contractor, by a creditor of a sub-contractor under him, his pay-rolls showing the amounts paid by him under contract, for the sub-contractor, are admissible without proving the signatures of the employes who signed them, it being shown that the amounts shown by the pay-rolls had been actually paid by him.

APPEAL from the St. Louis County Circuit Court, EDWARDS, J.

*Affirmed.*

W. S. BODLEY, for the appellant.

M. F. TAYLOR, for the respondents.

LEWIS, P. J., delivered the opinion of the court.

The defendants were contractors with the Missouri Pacific Railway company for the construction of a second track from Laclede to Kirkwood. J. N. Niday was a sub-contractor under them for a part of the work. The plaintiff sued Niday by attachment for an indebtedness of $755.94, and summoned the present defendants as garnishees. Issues upon the alleged indebtedness of the defendants to Niday were submitted to a jury, who gave their verdict for the defendants.

There was testimony tending to prove that the garnishees had received from the company on account of the work done by Niday, the sum of $3,297.38, and had paid out to laborers and employes upon the same work, $3,616.05. These payments were made a few days after the service of the garnishment process. The vital question brought up by this appeal will appear from the following instruction, given by the court below:

"Under the contracts read in evidence the defendants had the authority to pay off and discharge any claim for labor or materials done or furnished to said Niday, in doing the work under said contract, before being liable to either Niday or the plaintiff; and if the jurors believe and find from the evidence that defendants have paid out on account of such labor and materials a sum equal to or in excess of the amount due to said Niday, on account of such

work as he may have done under said contract, then the
verdict will be for the defendants, even though the jurors
may believe and find from the evidence that such pay-
ments, as so made by defendants, were after the service of
garnishment process. In this case the jurors are in-
structed that defendants, under the terms of their
contract with Niday, were not confined to such claims as
could be made the subject matter of a lien against the
road-bed of the Missouri Pacific Railway Company."

The contracts to which the instruction refers were :
One between the defendants, as parties of the first part,
and the railway company, as party of the second
part, and another between Niday, as party of the first
part, and the defendants, as parties of the second · part.
Each of these contracts contained a provision in the fol-
lowing words : "It is further mutually agreed between
the parties hereto, that the party of the second part, if
at any time they see fit so to do, may pay the bills for
labor, or supplies, or any part thereof, contracted by said
party of the first part, in the prosecution of the work
embraced in this agreement, to the parties to whom they
may be due, and deduct the amount so paid from the
monthly or final estimates as so much cash paid thereon,
but nothing herein· contained shall be construed as an
assumption by said party of the second part of any
liability for any such bills for labor or supplies, unless
said party of the second part so elect, it being wholly
optional with them."

The plaintiff insists that, notwithstanding these con-
tract provisions, the garnishees could not exonerate
themselves by any payments, except upon claims which
were enforceable by liens upon the work. But it is too
late to question the doctrine that "no process can place
the garnishee in a worse position than he would have
occupied had he been directly sued by the debtor in the
attachment suit." *Weil v. Tyler*, 38 Mo. 545. The rule
has various forms of expression in Missouri decisions,
but perhaps none more pertinent to the present case
than the one in *Scales v. Southern Hotel Co.*, 37 Mo. 520:
"In order that an indebtedness may be liable to garnish-

ment, it must be shown to be absolutely due as a money demand, unaffected by liens or prior incumbrances, or *conditions of contract*." The conditions of the defendants' contract with Niday authorized them to discharge any accruing indebtedness to him, by paying the claims of his laborers and others, without reference to the question whether those claims were enforceable by liens, or not. No garnishment could deprive them of this vested right. We see in the stipulation nothing hostile to public policy, nor any reason why it should not be enforced. The defendants had a right to protect themselves, not only against liens, but against pretenses of liens, with consequent litigation and annoyance. No error appears in the instruction.

The plaintiff saved several exceptions to the court's rulings in admitting evidence for the defendants. Nearly all of these objections are founded upon his theory confining the defendants' right of payments to lien claims. As we cannot sustain that theory, it is unnecessary to consider such objections in detail.

In connection with oral testimony of the several payments made by the garnishees on Niday's account, a number of pay-rolls were introduced, purporting to bear the signatures of workmen, or their assigns, who had received the several sums of money there entered. The plaintiff objected, on the ground that the signatures were not proved. There was no need of proving them. Had the hand-writing of every signer been established, it would have amounted to no more than his admission of the receipt, and would have been only hearsay. There was no suit against the laborers, nor any materiality in their unsworn admissions. The matter in issue was, not the execution of the receipts, but the fact of the payments. The pay-rolls were used for the purpose of identifying the payments and their amounts, by the testimony of witnesses who had made out the pay-rolls and had paid the amounts, or seen them paid, to the persons named therein. The testimony was substantially competent, as tending to prove that the whole amount of $3,616.05 was in fact paid, and to the proper persons.

There was no testimony tending to show any fraud, or false personations, or any want of good faith in either the payers or the receivers. Certainly there was no such defect in the evidence on this point as would justify a setting aside of the verdict.

The following instruction was given for the plaintiff: "The court instructs the jury that if they believe from the evidence that J. N. Niday did work for the defendants to an amount exceeding the amount claimed by plaintiff, and that after deducting the amount paid by defendants for labor, personally done by the person to whom payment was made, and materials furnished for said double track to the person furnishing said materials, there was a balance due said Niday exceeding the amount of plaintiff's claim, then they will find for the plaintiff."

It is here argued that there is an inconsistency between this instruction and the one given for the defendants, as above copied, so that the two together were misleading and erroneous. The fact is not apparent. One instruction states an hypothesis upon which the plaintiff may recover, and the other an opposing hypothesis upon which he cannot. Each is fairly presented from a different point of view, and there is no incongruity.

We find no error in the record, and so, with the concurrence of all the judges, the judgment is affirmed.