RICHARD RITTER, Respondent, v. THE BOSTON UNDERWRITERS INSURANCE COMPANY, Garnishee of L. D. ALEXANDER, Appellant.

Kansas City Court of Appeals, December 5, 1887.

1. GARNISHMENT—LOSS COVERED BY INSURANCE POLICY SOMETIMES GARNISHABLE—PROCEEDING SUBJECT TO CONDITIONS OF POLICY. Under certain circumstances the loss covered by a policy of in-

surance is the subject of garnishment ; and whether a garnishment be deemed a suit or not, wherever the loss under a policy of insurance is the subject of garnishment, it may, as a matter of course, be reached by that proceeding. But where the policy provides, as a condition precedent to any recovery thereon, that suit shall be brought in any reasonable time after the loss, although such provision does not deprive a creditor of the assured of the right to proceed by garnishment against the debt due on account of the loss, the proceeding must be instituted within the time provided in the policy for the bringing of suits. The general statute of limitations applies to proceedings by garnishment. Drake on Attachment, sect. 678.

2. —— LIMITATION — WHEN GARNISHMENT IS BEGUN—HOW FAR SUCH PROCEEDING IS A SUIT.—The limitation fixed by the insurance policy, like that fixed by the general statute, would cease to run either upon the institution of the suit to which the proceeding is auxiliary, or of the proceeding itself ; and the statute is interrupted by the commencement of the garnishment. The garnishment is begun, not by the filing of the plaintiff's denial of the garnishee's answer, but by the service of the summons and notice of garnishment. In most respects a garnishment is a suit, being, in effect, a suit by the defendant, in the plaintiff's name, against the garnishee, without reference to the defendant's concurrence, and, indeed, in opposition to his will. But a garnishment is not a suit in some respects, however, due to its auxiliary character, as, for instance, in respect of the statute concerning the place where suits are to be brought, etc.

3. —— CHARACTER OF DEBT SUBJECT TO GARNISHMENT—CASE ADJUDGED.—In this state, in order that an indebtedness may be liable to garnishment, it must be shown to be absolutely due as a money demand, unaffected by liens, or prior incumbrances, or conditions of contract. But in this case, the garnishee had so acted that the assured, without giving proofs of loss, might have lawfully instituted a suit upon the policy ; and the plaintiff, here, has all the rights of the assured, and no defence can be maintained against him that could not be maintained against the assured ; and the conditions of the policy, as to proofs of loss, must be treated as waived, and the plaintiff had the right to claim the benefit of it.

APPEAL from Pettis Circuit Court, HON. JOHN P. STROTHER, Judge.

*Affirmed.*

Statement of case by the court.

Plaintiff commenced suit by attachment against L. D. Alexander, returnable to the May term of the circuit

court, and caused the Boston Underwriters Insurance Company to be summoned as garnishee. The usual interrogatories were filed May 9, 1883. On July 30, 1883, the garnishee filed answer to the interrogatories, denying any indebtedness to Alexander. On May 26, 1885, plaintiff obtained final judgment against Alexander, and on the last-mentioned date the plaintiff filed a denial of the garnishee's answer. The denial alleged that there was due from the garnishee to Alexander, when the writ of garnishment was served, the sum of one thousand dollars by reason of a policy of fire insurance, issued by the garnishee to Alexander, and a loss thereunder. To the denial of the garnishee's answer the garnishee filed a reply. The policy of insurance contained the usual provisions as to proofs of loss to be given by the assured, and also a provision that no suit should be instituted on the policy, unless begun within one year after the loss.

George W. Barnett, for the appellant.

I.   This action cannot be maintained for the reason that no suit was brought on the policy within twelve months next after the loss occurred. The court, therefore, erred in overruling the demurrer to the evidence, and in finding for the plaintiff, also erred in overruling defendant's objection to the introduction of any evidence under the pleadings. *Keim v. Ins. Co.*, 42 Mo. 38 ; *Glass v. Walker*, 66 Mo. 32 ; *Ins. Co. v. Weiss Bros.*, 106 Penn. 20 ; 1 Rev. Stat., sects. 3485, 2533 ; *Thomas v. Ins. Co.*, 108 Ill. 91 ; *Demphy v. Riddle*, 86 Ill. 22 ; *Bank v. Dillon*, 75 Mo. 380 ; *Buel v. Transfer Co.*, 45 Mo. 562 ; *Sweet v. Jeffries*, 67 Mo. 420.

II.   The plaintiff's denial of garnishee's answer to interrogatories takes the place of a petition, and even if plaintiff, Ritter, could maintain a suit on the policy in this case, his suit on the policy could not be deemed commenced until he filed his denial or petition, in which the policy is first declared on. *Bank v. Dillon*, 75 Mo. 380 ; 1 Rev. Stat., sects. 3485, 2533 ; *Buel v. Transfer*

Co., 45 Mo. 562 ; *Sweet v. Jeffries,* 67 Mo. 420 ; *Thomas v. Ins. Co.,* 108 Ill. 9.

III.   The contract is with the assured and the continued validity of the policy is dependent upon the performance by him of the conditions embraced in it. 2 Wood on Ins., 1122, 1123 ; *Martin v. Ins. Co.,* 38 N. J. L. 140.

IV.   Garnishment is not a new suit, but an incident or auxiliary cf the main suit.   *Tinsley v. Savage,* 51 Mo. 141.

V.   The plaintiff cannot recover in this case because there were no proofs of loss, nor waiver of proofs, for, in order to constitute a waiver, there must be an element of estoppel, and this cannot exist unless the statements relied on to prove such estoppel were made to the assured or his agent, and by which assured was led to believe that such proofs were not required, but here the statements relied on to establish the waiver were made to a third party who had no interest in the policy.   The court, therefore, erred in overruling the demurrer to the evidence and in finding for plaintiff.   *Ins. Co. v. Coffey,* 61 Texas, 287 ; 2 Wood on Fire Ins., p. 943, note 2, chap. 13, sect. 439 ; *Underwood v. Ins. Co.,* 57 N. Y. 500 ; *Ayers v. Ins. Co.,* 17 Iowa, 178 ; *Deihl v. Ins. Co.,* 59 Pa. St. 452 ; *Blossom v. Ins. Co.,* 64 N. Y. 162 ; 2 Wood on Fire Ins., sects. 445, 447, 454 ; *Sims v. Ins. Co.,* 47 Mo. 54 ; *Noonan v. Ins. Co.,* 21 Mo. 81 ; 2 Wood on Fire Ins., sect. 438 ; *Ins. Co. v. Weiss Bros.,* 106 Pa. St. 20.

VI.   Alexander having failed to comply with the conditions of his policy, in that he never made any proofs of loss, and never secured any adjustment of his loss, and never performed the conditions requisite to fix the insurance company's liability ; such liability, if any, was contingent and subject to the conditions of the contract to be performed by him.   There was, therefore, no such absolute debt as would be subject to garnishment.   *Heege v. Fruin,* 18 Mo. App. 139 ; *Lovejoy v. Ins. Co.,* 11 Ins. Law Jour. 186 ; *Ranson v. Hays,* 39

Mo. 455 ; Waples on Attach. & Garnish. 341, 378 ; *Herne v. Keath,* 63 Mo. 84 ; *Scales v. Hotel,* 37 Mo. 520 ; *Weil v. Tyler,* 38 Mo. 545 ; s. c., 43 Mo. 581 ; *Lackland v. Garesché,* 56 Mo. 267 ; *Sheedy v. Bank,* 62 Mo. 17.

VII. The garnishee cannot be made liable to plaintiff unless it would have been liable to Alexander, the defendant in the attachment suit. *Faunkhauser v. Eveland,* 3 Mo. App. 602 ; *McPherson v. Railroad,* 66 Mo. 103 ; *Bank v. Staley,* 9 Mo. App. 146 ; *Weil v. Tyler,* 38 Mo. 545 ; *Caldwell v. Silver,* 23 Mo. App. 417 ; *Firebough v. Stove,* 36 Mo. 111 ; *Karnes v. Pritchard,* 36 Mo. 135 ; *Regan v. Railroad,* 21 Mo. 30.

Shirk & Portis, for the respondent.

I. The denial of garnishee's answer states a cause of action. It avers that defendant issued an insurance policy to Alexander ; the destruction of the property insured, by fire ; notice of loss by Alexander to the defendant ; waiver of proofs of loss by defendant, by collecting such proof itself, to its own satisfaction ; setting up as an excuse for not paying that Alexander had himself burned the church ; fulfillment of all the conditions of the policy by Alexander ; garnishment of defendant ; non-payment of policy, and an averment that, at the date of garnishment, defendant was indebted to Alexander in the amount of said policy.

II. The evidence was sufficient to sustain the finding of the court sitting as a jury. (1) The waiver of proofs of loss was by conduct, as well as declarations. It was not necessary that Alexander should be present to see what defendant did, or hear its declarations made to Ritter and Stewart, that the loss to the amount of six hundred and fifty dollars would be paid ; that the company would have it to pay, etc. (2) If the proofs thus waived had not been waived, Ritter, as attaching creditor, could have made them. *Insurance Co. v. Adkins,* 3 Bush (Ky.) 79. (3) The allegation is that Alexander gave the notice of loss, and thereupon the company

waived the proofs by its conduct. There was evidence on this point, which satisfied the trial court. This waiver, of course, inured to the benefit of the attaching creditor. It made the company liable to Alexander and so to his attaching creditor. (4) The suit was brought in one year. The evidence showed that the loss occurred February 23, 1883. Plaintiff served the defendant with process of garnishment, March 5, 1883. Interrogatories were filed May 9, 1883. Defendant answered July 30, 1883. In its answer it acknowledges that it may become liable under this policy if proofs of loss are made. May 26, 1885, plaintiff files denial of this answer, alleging waiver of proofs of loss, and liability of defendant under the policy.

III. While the denial may be viewed as the petition in the garnishment proceedings, it is not the beginning of the suit. Garnishment under attachment is in effect a suit by defendant in the name of the plaintiff, against the garnishee, it is a suit. Drake on Attach. sect. 452. The language of Judge Wagner, in *Tinsley v. Savage* (50 Mo. 141), was used in reference to a garnishment under execution.

IV. (1) The facts alleged in the denial constitute a waiver of proofs of loss. *Perry v. Insurance Co.*, 11 Fed. Rep. 482; *Owens v. Insurance Co.*, 57 Barb. (N. Y.) 518; *Insurance Co. v. Sheets*, 26 Gratt. (Va.) 854; *Findeisen v. Insurance Co.*, 10 Am. & Eng. Corp. Cases, 534; *Mosley v. Insurance Co.*, 55 Vt. 142; *Russell v. Insurance Co.*, 55 Mo. 585; *Martin v. Insurance Co.*, 20 Pick. (Mass.) 389; *McMasters v. Insurance Co.*, 25 Wend. (N. Y.) 379; *McBride v. Insurance Co.*, 30 Wis. 562. (2) Waiver and estoppel are not the same. A waiver is effective whether the other party acted on it or not. Note to *Findeisen case* (*supra*). (3) If proof of loss be waived, the liability of the insurance company is fixed, and it is subject to garnishment, and the loss need not be adjusted. *Lovejoy v. Insurance Co.*, 11 Fed. Rep. 62; *Knox v. Insurance Co.*, 9 Conn. 430;

*Insurance Co. v. West*, 8 Watts & Serg. (Pa) 350;
*Woodruff v. Bacon*, 35 Conn. 105,

HALL, J.—It is clear that, under certain circum-
stances, the loss covered by a policy of insurance is the
subject of garnishment. *Lovejoy v. Insurance Co.*, 11
Fed Rep. 62, and cases cited. The policy provided that
"no suit shall be brought for the recovery of any claim
under this policy unless such suit or action is com-
menced within twelve months next after the fire shall
have occurred." The garnishee makes the point that,
"the mere service upon this appellant of a summons of
garnishment does not constitute a suit against it upon
or under the insurance policy." In support of the
point it is argued : "The garnishment is not a new suit,
but an incident or auxiliary of the main suit, and a
means of obtaining satisfaction of the debt against the
defendant in the original suit by reaching defendant's
creditors." Whether a garnishment be deemed a suit
or not, wherever the loss under a policy of insurance is
the subject of garnishment, it may, as a matter of course,
be reached by that proceeding. The policy may pro-
vide, as a condition precedent to any recovery thereon,
that any suit based on the policy shall be brought in
any reasonable time after the loss, but such provision
does not and cannot deprive a creditor of the assured of
the right to proceed by garnishment against the debt
due on account of the loss. But the proceeding must be
instituted in the time provided in the policy for the
bringing of suits. The general statute of limitations
applies to proceedings by garnishment. *Benton v. Lin-
dell*, 10 Mo. 557 ; Drake on Attachment, sect. 678. The
plaintiff in the garnishment has no greater rights than
the defendant. It is difficult to perceive in what man-
ner this case can be affected by the character of this
proceeding in the respect mentioned. What difference
does it make whether the proceeding is or is not a suit?
The garnishee, however, contends that the proceeding
became a suit upon the policy when the plaintiff filed

his denial of the garnishee's answer, and that, because the denial was filed more than one year after the loss, the suit was too late. This contention is without merit. "If the proceeding is a law suit, it is such from its incipiency; and not merely from the time the plaintiff takes issue and traverses the answer." Waples on Attach. and Garn. And if it be conceded that the proceeding is not a suit, the limitation fixed by the policy, like that fixed by the general statute, would cease to run, either upon the institution of the suit to which the proceeding is auxiliary, or of the proceeding itself. It would seem clear that the statute would run till, and be interrupted only by, the institution of the garnishment proceeding, because the garnishment, and not the main suit, is the proceeding against the debt owed by the garnishee. But, however this may be, the statute is certainly interrupted by the commencement of the garnishment. The garnishment is begun, not by the filing of the plaintiff's denial of the garnishee's answer, but by the service of the summons and notice of garnishment.

But in many, in most respects, a garnishment is a suit. Waples on Garn. and Attach., pp. 341-345; Drake on Attach., sect. 452. "It is, in effect, a suit by the defendant, in the plaintiff's name, against the garnishee, without reference to the defendant's concurrence, and, indeed, in opposition to his will." Drake on Attach., *supra.* A garnishment is not a suit in some respects, however, due to its auxiliary character. Thus, in *Tinsley v. Savage, Garnishee,* etc. (50 Mo. 141), it is held that a garnishment is not a suit in respect of the statute concerning the place where suits are to be brought. It is said by the court: "Garnishment is one of the modes pointed out by the statute by which the writ (of execution) is executed, and it is not a new suit, but an incident, or an auxiliary, of the judgment, and a means of obtaining satisfaction of the same by reaching the defendant's credits. The garnishee must make his answer in the court whence the execution issues, as it alone has

exclusive control over its process." This language must, of course, be construed in the light of the facts of that case. And so, in this case, we must deem a garnishment not a suit in the meaning of Revised Statutes, section 3485, concerning the mode in which suits are instituted.

The garnishment was begun within the time provided by the policy. It does not matter that the plaintiff filed his denial of the garnishee's answer after that time. The issues were made up by the denial and the reply thereto, but the garnishment was begun long before. If the garnishee had filed no answer, but had made default, the plaintiff could not have filed a denial, and yet the plaintiff would have prevailed. Because, surely, the plaintiff's right to a garnishment cannot be destroyed by the garnishee's failure to answer the interrogatories filed. Besides, the statutes provide for judgment by default in such cases. Rev. Stat., sects. 2530 and 2531. A proceeding must be, indeed, instituted in which a default cannot be taken. And this is an additional reason for not holding that a garnishment is a suit, instituted by the plaintiff filing a denial of the garnishee's answer, and is not a suit until then, because the garnishee, by failing to file an answer, could prevent the institution of a suit, and yet would suffer a default just as if there was a suit. In this state, "in order that an indebtedness may be liable to garnishment, it must be shown to be absolutely due as a money demand, unaffected by liens, or prior incumbrances, or conditions of contracts." *Scales v. Southern Hotel Company*, 37 Mo. 520 ; *Heege v. Fruin*, 18 Mo. App. 141. It may be considered a doubtful question whether a loss under a policy like the one in suit is subject to garnishment until after notice and proof of loss, in compliance with the conditions of the policy, or waiver of the same. Reason, as well as the weight of authority, seems to support the conclusion that the loss is not subject to the garnishment. *Lovejoy v. Ins. Co.*, 11 Fed. Rep. 62, and cases cited. And such may be conceded to be the law,

under the view taken by us of this case, without a decision by us of the question.

For the purposes of this case, we also yield to the garnishee's contention that, "unless there is some consideration for a waiver, or some valid modification of the agreement between the parties, which contains the condition, there can be no waiver of a condition precedent, except there be in the case an element of estoppel."

The assured gave no proofs of loss. But the garnishee, by act and word, waived the giving of such proofs, if the assured had known of such conduct, and had acted upon it. In other words, the garnishee had so acted that the assured, without giving proofs of loss, might have lawfully instituted a suit upon the policy. This the evidence clearly tended to show, but there was no evidence that the assured knew of such conduct on the part of the garnishee, and, hence, the counsel for the latter contends there was no waiver, because the waiver was based on the principle of estoppel, and without such knowledge, on the part of the assured, there could be no estoppel; that is, without such knowledge, the assured could not have been induced by it to take any course. But the conduct of the garnishee was well known by the plaintiff. The plaintiff has all the rights of the assured; the plaintiff stands in the shoes of the assured; against the plaintiff no defence can be maintained that could not be maintained against the assured. Hence, we think it immaterial whether the assured knew of the conduct of the garnishee or not. The question is, could the assured, had he known of such conduct, have claimed a waiver by reason thereof? If, yes, then the garnishing creditor, who stood in the shoes of the assured, had the right to claim such waiver.

Judgment affirmed. All concur.