HENRY REINHART, Respondent, v. EMPIRE SOAP COMPANY, Garnishee, Appellant.

St. Louis Court of Appeals, November 27, 1888.

1. **Garnishment**: ADVANCE PAYMENTS. Where the execution debtor was in the employ of the garnishee under a contract for payments weekly in advance of the services to be rendered, there can be no judgment against the garnishee on account of moneys so paid after the notice of garnishment, in the absence of any showing that the contract was made in fraud of creditors.

2. **Garnishment**: ANSWER. An answer in garnishment, whether it be a denial or an affirmation of new matter, must be taken to be true, until overthrown by evidence; and cannot be assumed to be untrue, because not sufficiently full.

*Appeal from the St. Louis City Circuit Court.*—HON. JAMES A. SEDDON, Judge.

REVERSED AND REMANDED.

*Merrifield W. Huff*, for the appellant.

There was no debt due to the judgment debtor from the garnishee, and hence the creditor can recover nothing. Drake on Attachment, secs. 445, 458; *Wentworth v. Whittemore*, 1 Mass. 471; *Sayward v. Drew*, 6 Maine, 263. The garnishee stands in precisely the same position he would if he were sued by the debtor. Drake on Attach. sec. 445. The debt must be actually due and not dependent on any contingency. *Wentworth v. Whittemore*, 1 Mass. 471; *Sayward v. Drew*, 6 Me. 263.

*George R. Lockwood* and *Gilbert Elliott*, for the respondent.

The garnishment attached in hands of appellant any sum then due Hulbert, or that became due him under the contract set out between service of the garnishment and the time of filing of appellant's answer. R. S. 1879, sec. 2520; *Fay v. Smith*, 25 Ver. 610. The payments made by appellant to Hulbert are admissions that money became due him between the service of the garnishment and the filing of the answer. *Wilcus v. Kling*, 87 Ill. 107. The alleged indebtedness of Hulbert to appellant is no defense, as the amount paid Hulbert will be presumed to have been at least sufficient to have satisfied such indebtedness and respondent's demand. *Fretwell v. Laffoon*, 77 Mo. 26–33.

ROMBAUER, P. J., delivered the opinion of the court.

Judgment was rendered in the trial court against the garnishee upon its answer which denied all indebtedness to the execution defendant, and contained the following statement in answer to one of the interrogatories exhibited:

"Further answering, this garnishee says, that the said defendant, S. P. Hulbert, is now, and for a long time past has been, in the employ of this garnishee; that for the last six months past his salary has been seventy-five dollars per month, but that long before it was summoned as garnishee herein, the said defendant came to this garnishee and informed it that he was going to quit its employ unless it, the said garnishee, would make an agreement with him, the said defendant, to pay him each week his salary of $17.30, to be earned the week succeeding its payment in advance, and that this garnishee, rather than lose the said defendant's services, made an agreement with the said defendant that it would pay the said defendant each week his

salary in advance at the rate of $17.30 per week, and that since said time the said garnishee has always paid the defendant for his services in advance, and that at no time since said agreement was made, which was long before the summons herein was served upon the garnishee, has the said garnishee owed the said defendant any money, goods, property or effects, but that besides the amount above stated, defendant is indebted to this garnishee, and was so indebted long before the summons herein was served on it."

Whether such judgment was warranted by the above admission is the only question presented for our consideration.

Revised Statutes, section 2520, provides: "Notice of garnishment shall have the effect of attaching all personal property, money, rights, credits, bonds, bills, notes, drafts, checks or other choses in action of the defendant in the garnishee's possession or charge, or under his control at the time of the service of the garnishment, or which may come into his possession or charge, or under his control, or be owing by him, between that time and the time of his filing his answer."

The garnishee in this case was summoned April 29, 1887, and filed its answer October 18, 1887, and did between the two dates pay to the defendant in the execution a sum largely exceeding the amount for which judgment was rendered against it. Its contention is that it was under no legal obligation to the defendant to pay the said amounts, when they were respectively paid, and hence that it never had any money of the defendant in its hands since the garnishment, and that moreover the allegation in the answer that "besides the amount above stated, defendant is indebted to this garnishee, and was so indebted long before the summons herein was served on it," is in itself a sufficient avoidance of any liability under the answer

Two propositions are settled by the decisions in this state. First, that the plaintiff in the execution, in the absence of fraud, stands only in the shoes of the debtor, and his rights against the garnishee are no greater than those of the debtor. *Funkhauser v. Eveland*, 3 Mo. App. 602; *Weil v. Tyler*, 38 Mo. 545; *McPherson v. Railroad*, 66 Mo. 103. Next, that in order that an indebtedness may be liable to garnishment, it must be shown to be absolutely due as a money demand unaffected by liens or prior incumbrances, or conditions of contract. *Scales v. Southern Hotel Co.*, 37 Mo. 520; *Heege v. Fruin*, 18 Mo. App. 139.

The answer of the garnishee, until overthrown by evidence, must be taken to be true whether it be a denial or affirmation of new matter. *Holton v. Railroad*, 50 Mo. 151. If the answer is insufficient the plaintiff has a right to except to it, and may compel a full disclosure, even if it should be necessary, for that purpose, to attach the garnishee's body (R. S., sec. 2532), but neither the plaintiff nor the court has a right to assume that the garnishee's answer is untrue because not sufficiently full.

The garnishee's answer in this case states a weekly hiring of the defendant by the garnishee, the compensation for the defendant's services being advanced by the garnishee from week to week. If this answer be true, then there was no time between the date of the service of the summons and the date of filing the answer, when the defendant himself could have maintained an action against the garnishee.

We certainly cannot say that as a matter of law an agreement to pay wages in advance is void. If the agreement was made for the purpose of hindering the defendant's creditors, this fact must be shown in some manner by the evidence. A judgment cannot rest on mere suspicion of fraud. As was intimated in *Fay v.*

*Smith,* 25 Ver. 610, slight circumstances might be sufficient to show that the contract was put in this form to embarrass creditors. Beyond this the garnishee's claim showing a continuing indebtedness to it, by the defendant, on other accounts between the date of the summons and answer, is sufficient to prevent a judgment upon the answer against the garnishee, even if insufficient, if excepted to under the statute.

The plaintiff's proper course in the premises was to compel a full disclosure of all the facts by the garnishee, and then if so advised, challenge the good faith of the contract by denial.

Judgment reversed and cause remanded. All concur.