Collins v. Kammann.

JENNIE COLLINS, Respondent, v. AUGUST B. KAMMANN, Garnishee of Progressive Benefit Order, Appellant.

St. Louis Court of Appeals, December 5, 1893.

1. **Justices' Courts**: FILING OF PAPERS. The filing of a paper—in this cause the contract sued upon—is its actual delivery to the officer whose duty it is to file it. The filing need not be shown by a file mark.

2. ————: JURISDICTIONAL FACTS. It is not essential to the validity of the judgment of a justice of the peace that the jurisdictional facts should appear from his docket entries; it suffices if they appear anywhere on the face of the proceedings.

3. **Garnishment**: ASSESSMENTS BY BENEFIT SOCIETY. An assessment made by a benefit society against a subordinate lodge reached the hands of the treasurer of the lodge, whose duty it then was to immediately forward the fund to the treasurer of the society; nor did the lodge thereafter, under its own laws or those of the society, have any control over the fund. *Held*, that the fund was subject to garnishment under a writ of attachment against the society, notwithstanding that the lodge had directed its treasurer not to forward, but to hold, the same, owing to the failing condition of the society.

*Appeal from the St. Louis City Circuit Court.* — HON. DANIEL D. FISHER, Judge.

AFFIRMED.

*Louis A. Steber* for appellant.

*Collins & Jamison* for respondent.

ROMBAUER, P. J.—The defendant appeals from a judgment rendered against him as garnishee of the Progressive Benefit Order. The facts, succinctly stated, are as follows: The Progressive Benefit Order is a foreign corporation, and one of its objects and charter powers is to establish a benefit and reserve fund

from which those, who have held a certificate of membership in it for one year, may receive an amount of $100. By the general laws of the order, this $100 is payable to all who pay assessments at the rate of $2, when called for. Subordinate lodges are established, and it is provided that, whenever an assessment is made, the secretary of the subordinate lodge shall certify to the treasurer of the same the amount due on the assessment by the terms of the call. The treasurer of the subordinate lodge shall immediately forward the same to the supreme treasurer, and notify the secretary of the lodge in writing that the amount has been forwarded. Any lodge, which fails to have the amount of the assessment in the hands of the supreme treasurer within fifteen days from the date of the expiration of the call, shall be reported by the supreme secretary to the supreme president, who shall at once suspend the lodge. Assessments are made by the supreme lodge on each subordinate lodge. It is also provided by the laws governing subordinate lodges that their treasurer shall keep the general and reserve and benefit funds in separate accounts, *and not allow them to be used for any other purpose than that provided for by law.*

Prior to the institution of this suit, two assessments (numbers 27 and 28) were thus made, and the garishee, who is treasurer of the subordinate lodge known as Future Great Lodge, number 179, had $400 of moneys arising from such assessments in his possession, belonging to the relief fund. The Progressive Benefit Order being in a failing condition, the members of lodge 179 met and decided by a vote that the treasurer should not forward assessment number 27 to the supreme lodge, but hold the sa e for the members (of the subordinate lodge) until further orders. It was in evidence that the plaintiff was present at this meeting, but it did not appear that she participated in the pro-

ceedings or voted on the resolution. This meeting took place on a Wednesday, and the next day the plaintiff instituted the present suit against the Progressive Benefit Order by attachment, and caused the garnishee Kammann to be summoned as its debtor.

The errors assigned by appellant garnishee are that the judgment obtained by the plaintiff against the Progressive Benefit Order is jurisdictionally defective; and that, at the date of the service of the writ of attachment, the money in the hands of the garnishee was owned by the individual members of the subordinate lodge, and not by the defendant order.

The basis of the first assignment of error is, that no statement was filed with the justice at the date of the institution of the suit; that the service by publication was insufficient; and that judgment was rendered by the justice in the main case on a day to which it had not been continued. In passing on these objections it will suffice to say that the filing of a paper is its actual delivery to the officer whose duty it is to file it, without regard to any action that he may take thereon, and the true date of the act may be shown without any file mark. *Grubbs v. Cones*, 57 Mo. 84; *Bensley v. Haeberle, Adm'r*, 20 Mo. App. 648. There was evidence in this case that the plaintiff's certificate, which was a sufficient statement of her cause of action, was delivered to the justice when the suit was brought. It was not even controverted that the certificate was filed, *and indorsed as filed*, long before the cause was tried, and that was sufficient to confer jurisdiction. Revised Statutes, 1889, sec. 6139. As to the service by publication it appeared by the constable's return that he had posted four notices, sufficient in form, in four public places in the city of St. Louis more than twenty days preceding the return day of the writ. The objection that these facts do not fully appear from the

justice's docket entries, and, therefore, fail to show jurisdiction, is not tenable, because it suffices if jurisdictional facts appear upon the face of the proceedings anywhere. Nor is the objection tenable, that it does appear that judgment was entered in the main cause on a day to which the same was not continued. There seems to be some confusion in the justice's docket entries by mixing up those which relate to the garnishment proceeding with those which relate to the main action; but by looking at both it sufficiently appears that both causes were continued from January 29, to February 5, 1892, at which last date final judgment was entered against the Progressive Benefit Order. The first assignment of error must, therefore, be ruled against the defendant.

The validity of the second assignment of error must be determined by the answer, which, under the evidence, is to be given to the question: "Was the garnishee, at the date of being summoned as such, indebted to the Progressive Benefit Order or not; and were the funds in his hands representing the proceeds of assessments 126 and 127, a debt due to said order unaffected by liens, prior incumbrances or conditions of contract?" *Lackland v. Garesche*, 56 Mo. 267; *Sheedy v. Bank*, 62 Mo. 17; *Ritter v. Ins. Co.*, 28 Mo. App. 140. It will be seen, by referring to the laws of the order first hereinbefore set out, that, when an assessment is levied by the supreme lodge and paid to the treasurer of the subordinate lodge, it becomes the duty of the latter *to forward the same immediately to the grand treasurer*. There is nothing, either in the laws of the order or in the laws of subordinate lodges, which reserves to the latter any control whatever over the benefit fund after the assessments for it are paid into the hands of its treasurer. *Quoad* this fund the treasurer of the subordinate lodge is accountable to the

grand lodge, and not to the subordinate lodge. It is true that, as shown by the evidence, his bond is given to the subordinate lodge, but the condition of the bond is to perform the duties of his office in accordance with the laws governing the administration thereof, and to account for the benefit and reserve fund to whoever *may be legally appointed to receive the same.* The only person legally appointed to receive said fund is the grand treasurer of the Progressive Benefit Order, while said order subsists and is engaged in the performance of its charter duties.

It thus appears that, at the date when the garnishee was summoned, he did owe to the defendant in the attachment a sum exceeding the judgment rendered against him, and that, as the defendant had called for the debt and had not revoked the call prior to the service of the garnishment, the debt was payable to it absolutely and unconditionally, and was subject to garnishment. *Birtwhistle v. Woodward,* 95 Mo. 113, 117. Since the subordinate lodge had no control over this particular fund, its action could not affect the *status* of the debt.

The judgment is affirmed. All the judges concur.