E. V. HARMON, Appellant, v. ERNEST A. MENKE, Gar-
nishee of JOHN BELLEVILLE, Respondent.

E. V. HARMON, Appellant, v. J. H. ZELCH, Garnishee
of JOHN BELLEVILLE, Respondent.

**St. Louis Court of Appeals, February, 15, 1898.**

Debt: LIABILITY TO GARNISHMENT IN STATUTORY PROCEEDING.  In order
to subject a debt to garnishment in a statutory proceeding, the debt
must be shown to be unaffected by prior liens, incumbrances, or
conditions.

*Appeal from the St. Louis County Circuit Court.*—HON.
RUDOLPH HIRZEL, Judge.

AFFIRMED.

*Bernard Greensfelder* for appellant.

There can be no partial assignment of an account
or negotiable instrument without the consent of the
debtor.  *Love v. Fairfield*, 13 Mo. 300; *Burnett v. Cran-
dall*, 63 *Id.* 410; *Beardslee v. Morner*, 73 *Id.* 22; *Loomis
v. Robinson*, 76 *Id.* 488; *Bank v. Noonan*, 88 *Id.* 372;
*Leonard v. R'y*, 68 Mo. App. 48; *Mandeville v. Welch*,
5 Wheat. 286.    See, also, Edwards on Bills and Notes
[3 Ed.], secs. 280, 396; 1 Dan'l Neg. Pap., sec. 668;

*Frank v. Knigler*, 36 Tex. 305; *Goldman v. Blum*, 58 *Id.* 630, 636; *Hughes v. Keddell*, 2 Bay (S. C.), 324; *Ward v. Morrison*, 26 Vt. 593; *Barney v. Douglass*, 19 *Id.* 98; *Bishop v. Holcomb*, 10 Conn. 444; *Van Buskirk v. Ins. Co.*, 14 *Id.* 141; *Johnson Co. v. Bryson*, 27 Mo. App. 341; *R'y v. Wright*, 38 *Id.* 141; *Rice v. Dudley*, 34 *Id.* 383; *Chase v. Alexander*, 6 *Id.* 505; *Kimball v. DeWald*, 20 Mo. 577; *Kendall v. U. S.*, 7 Wall. 113, 116.

*R. H. Stevens* and *F. A. Heidorn* for respondents.

There can be a partial assignment of a debt with the consent of the debtor. *Bank v. Noonan*, 88 Mo. 372; *Johnson Co. v. Bryson*, 27 Mo. App. 341.

The note at the time of service of garnishment on J. H. Zelch and E. A. Menke was not the property of Belleville, and not in his possession; and neither Zelch nor Menke are liable to garnishment thereon. R. S. 1889, sec. 5220, ch. 74; *Heege v. Fruin*, 18 Mo. App. 139; *Weil v. Tyler*, 38 Mo. 545; *Scales v. Hotel Co.*, 37 *Id.* 520.

BIGGS, J.—Ernest A. Menke and J. H. Zelch were summoned as garnishees under an execution issued by a justice of the peace in favor of E. V. Harmon and against John Belleville. The findings and judgments were in favor of the garnishees both before the justice and in the circuit court. ' The cases seem to have been tried together in the circuit court and the two appeals are presented in this court in one record, although there was no agreement to that effect. This is a technical objection which we may put aside.

The following facts are uncontroverted. On the twenty-second day of September, 1896, Menke was indebted to Belleville in the sum of $300. Being desirous of paying this debt and also of borrowing $200 for

other uses, Menke executed and delivered to Belleville his negotiable note for $500, due twelve months after date. The understanding between them was that Belleville should sell the note and out of the proceeds pay the debt due him from Menke and the balance, to wit, $200, he agreed to pay to Menke. The note was secured by a second mortgage on some land owned by Menke. Belleville was unable to negotiate the note by reason of the character of the security. A few months afterward, but prior to the service of the garnishments herein, Belleville borrowed of Zelch $100 and to secure the loan he assigned and delivered to Zelch the note of Menke. A short time after the transaction and likewise prior to the garnishments, Belleville borrowed the further sum of $100 from F. A. Heidorn, and to secure this loan Belleville executed and delivered to Heidorn a written assignment of the Menke note, subject to the prior claim of Zelch. Belleville notified Menke of these assignments. Subsequently Zelch and Menke were summoned as garnishees. In his answer to the garnishment Zelch denied that he owed Belleville. He set up the transaction between himself and Belleville and also the agreement of Belleville with Heidorn. He also pleaded the agreement between Menke and Belleville as to the note, under which he averred that the interest of Belleville in the note was only $300. He also stated that the remainder of Belleville's interest, to wit, $100, had been set apart to Belleville by the constable as exempt from execution. The reply of Menke set forth substantially the same facts. When the issues were made up in the garnishments, the justice ordered that Heidorn should be brought in and that he be required to interplead for his alleged interest in the debt. This was done and the interplea was decided by the justice in his favor. Harmon appealed, but the record before

us fails to show what, if any, disposition was made of the interplea in the circuit court.

The bare statement of the facts shows that neither the justice nor the plaintiff had any conception of the proper course of procedure. It is admitted by the plaintiff in his pleadings, and it is also shown by the evidence, that prior to the garnishment Belleville had assigned and delivered the note to Zelch. In proceedings of garnishment under the statute (which are strictly legal in their nature) the plaintiff in the attachment or execution can only avoid the transfer of negotiable paper by his debtor for fraud, or as having been made without consideration. Such an issue is allowable upon the theory that no transfer has in fact been made, and that therefore the title remains in the debtor. The statute plainly provides how this issue may be tried. Section 5243 of the Revised Statutes of 1889 is as follows: "If it shall be made to appear that any garnishee had, before his garnishment, executed to any defendant a negotiable promissory note, which, at the time of the garnishment, was unpaid, the court or the judge thereof, may order the defendant to deliver the same into court; and if the defendant, in showing cause for the non-delivery thereof, allege an indorsement or delivery thereof to some other person before the order of the court came to his knowledge, the fact of such transfer and the consideration and good faith thereof may be inquired into and determined by the court; and in order thereto, the alleged indorsee or transferee and the defendant may be examined on oath, in open court, and if it appear that such indorsee or transferee holds the same by a fraudulent indorsement or delivery, the court may order him to deliver such into court." But the plaintiff here did not see proper to make such an issue. On

*Marginal note:* DEBT: liability to garnishment in statutory proceeding.

the contrary the good faith of the transfer of the note to Zelch seems to have been admitted. Under this admission judgment should have been entered in favor of both Zelch and Menke. If Zelch had the note, then Menke was not subject to garnishment on account of it, for to subject an indebtedness to garnishment in a statutory proceeding the debt must be shown to be unaffected by prior liens, incumbrances, or conditions. *Scales v. Southern Hotel Co.*, 37 Mo. 520; *Weil v. Taylor*, 43 Mo. 581; *Lackland v. Garesche*, 56 Mo. 267; *Heege v. Fruin*, 18 Mo. App. 139; *McQuarry v. Geyer*, 57 Mo. App. 213. Just upon what theory the plaintiff based his right to a judgment against Zelch, we can not conceive. Zelch did not owe Belleville. The note that he held as collateral security had not been paid, therefore he owed Belleville nothing. The debt of Belleville to him was likewise unpaid, therefore he could not be compelled to surrender the collateral note. The difficulty with both proceedings is that the plaintiff has undertaken to reach the alleged equities of Belleville in the debt by a statutory garnishment. This could not be done. There is no equity in the statute. It is purely a legal remedy. The plaintiff should have instituted a proceeding in equity in the nature of an equitable garnishment. In such a suit it would be the duty of the court to bring the interested parties before it and make such decree as the equities of the case demand, to the end that all parties might be protected in their just rights. *Pendleton v. Perkins*, 49 Mo. 565; *Pickens v. Dorris*, 20 Mo. App. 1; *Heege v. Fruin*, *supra*. The judgment of the circuit court dismissing both garnishments will be affirmed. All the judges concur.